**George D. GOFFNER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1178S263.**

Supreme Court of Indiana.

April 17, 1979.

Harriette Bailey Conn, Public Defender, Jewell K. Smith, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This appeal arises from the denial of appellant's petition for post-conviction relief. On August 15, 1961, appellant was indicted for first degree murder by the Knox County Grand Jury. On August 19, appellant appeared in court with his attorney and tendered his plea of guilty to second degree murder. The trial court accepted the plea and following pre-sentence investigation, sentenced the appellant to life imprisonment. In March, 1978, appellant filed a petition for post-conviction relief, alleging that his guilty plea was not entered knowingly, intelligently and voluntarily. The trial court denied relief.

On appeal, it is first contended that the guilty plea proceeding is devoid of evidence showing the original trial court advised appellant of the elements of second degree murder or found a factual basis for the plea of guilty. Appellant concedes that his case must be adjudicated according to the law applicable in 1961, rather than the more recent standards imposed by *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Williams v. State* (1975) 263 Ind. 165, 325 N.E.2d 827; Ind.R.Cr.P. 10; and IC § 35–4.1–1–3 and 4 [Burns 1979]. In general, these authorities require the record of the guilty plea proceeding to show that the defendant was adequately informed of his constitutional rights; that the court is satisfied that there is a factual basis for the plea; and that the plea is entered knowingly and voluntarily.

Prior to *Boykin*, the law in Indiana was stated by the case of *Harshman v. State* (1953) 232 Ind. 618, 115 N.E.2d 501. In reversing and remanding the cause for the withdrawal of a guilty plea, this Court stated in that case:

"Under our practice an accused may enter a plea of guilty in any case, and thereby waive his constitutional right to trial by jury. But to be valid and binding upon the accused, such a plea must be made by the accused intelligently, advisedly and understandingly, with full knowledge of his rights, and with the considered approval of the judge before whom he stands charged.

"A valid plea of guilty in a court having jurisdiction of the offense is a judicial confession of guilt. *Batchelor v. State*, 1920, 189 Ind. 69, 125 N.E. 773. It admits the incriminating facts alleged. 22 C.J.S., Criminal Law, § 424. It should be *cautiously* received. It should not be accepted from one who does not know, or who, at the time of arraignment, asserts that he does not know, whether or not he has committed the crime charged, for such would be entirely incompatible with the idea of an admission of guilt, and wholly inconsistent with the due administration of justice.

". . . [s]o far as the record before us discloses, *no evidence whatever pointing to appellant's guilt was adduced, either before, during or after the entry of the plea.*" 232 Ind. at 620–21, 115 N.E.2d at 502. (emphasis added.)

It is clear from these principles that before accepting a guilty plea the pre-*Boykin* trial court had to insure that the accused was informed of the elements of the crime with which he was charged and was required also to find facts which supported the entry of the plea.

Although the authorities now require the record of the guilty plea proceeding to demonstrate the voluntariness of the plea and the advisement of rights, we think that judicial review of pre-*Boykin* pleas need not be so narrow. Thus, in determining the propriety of a pre-*Boykin* guilty plea, a post-conviction court may consider not only the record of the proceeding at which the plea was formally accepted, but also the entire range of surrounding circumstances, including any other proceedings and events in the same approximate time frame.

In the case at bar appellant was arraigned on August 15, 1961. At this hearing, the deputy prosecuting attorney read to appellant the indictment charging first degree murder. Upon direction from the court, he also read the statutes for first degree murder, second degree murder and manslaughter. The court then advised appellant of his rights, determined that appellant understood them and appointed pauper counsel to represent appellant. The arraignment was continued and on August 19, 1961, appellant again appeared in open court with his court-appointed attorney. He informed the court that he wished to enter a plea of guilty to the charge of second degree murder. The court thereupon questioned appellant as to whether he had discussed all aspects with his attorney and whether he knew what he wanted to do. Appellant responded affirmatively. After a further determination that the plea was not the result of threats or coercion, the court accepted the plea and delayed imposition of the sentence pending a pre-sentence report.

The investigation of appellant's background for the pre-sentence report was conducted by the probation officer. His report contained appellant's lengthy version of the events and his confession to the homicide. According to the report, appellant had stated that he felt he was guilty of second degree murder, but not first degree murder as he did not perpetrate the crime with premeditation. The report also contained a copy of appellant's confession to the police and the investigator's version of the offense. The court examined this report, and on August 22, 1961, sentenced appellant to life imprisonment.

At the post-conviction hearing appellant testified that he recalled telling the probation officer in 1961 that he had been fully

advised of his rights and that his attorney had fully explained the law and penalty for each of the charges prior to the entry of the guilty plea.

It is clear from the foregoing that at the time he entered the plea, appellant was fully advised of his rights and understood the import of the charges as well as the consequences of his plea. Although the charges apparently were not read to him on the date his guilty plea was accepted, we think the series of proceeding and events *in toto* constitute sufficient evidence to support the finding of the trial court that he was advised of and understood the elements of the crime of second degree murder. The transcripts of the arraignment, the guilty plea proceeding and the pre-sentence report bear out this conclusion.

We next consider whether the trial court found a factual basis for the guilty plea. The pre-sentence report established sufficient, factual basis to support the finding that the entry of the guilty plea was not "incompatible with the idea of an admission of guilt." *Harshman v. State, supra.* Although the report was not seen by the trial court until after the plea was technically accepted, we must presume that had the pre-sentence report been void of sufficient facts to justify the guilty plea, the original trial court would either have attempted to ascertain such facts or permitted immediate withdrawal of the plea. The point is moot, however, as the pre-sentence report satisfactorily sets forth the facts forming the basis for the guilty plea. In light of the foregoing, it cannot be said that this guilty plea was entered unknowingly and unintelligently or that the trial court improperly accepted the plea under the law applicable in 1961.

The other argument advanced in this appeal is that the trial court erred in admitting into evidence the transcript of arraignment and the pre-sentence report. Again, we refer to the previously cited authorities applicable to the pre-*Boykin* era. We think the trial court properly considered not merely the transcript of the guilty plea

proceeding, but also all the attendant proceedings and circumstances in the same time frame. We therefore find no abuse of the discretion vested in the trial court by PC 1, § 5, to receive and consider evidence at a post-conviction hearing.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.