**James H. HIGGASON, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 381S79.

Supreme Court of Indiana.

May 27, 1982.

John D. Breclaw, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Chief Counsel, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Petitioner-appellant, James H. Higgason, Jr., was indicted in 1975 on a charge of first degree murder, Ind.Code Ann. § 35–13–4–1 (Burns 1975) (repealed). He entered a plea of guilty to second degree murder, Ind.Code Ann. § 35–1–54–1(b) (Burns 1975) (repealed), and was sentenced to imprisonment for a term of fifteen to twenty-five years.

In October, 1979, Higgason filed a petition for post-conviction relief pursuant to Ind.R.P.C. 1, alleging two grounds:

1. The failure of the sentencing court to advise him pursuant to the requirements of Ind.Code Ann. § 35–4.1–1–3 (Burns 1979).

2. The lack of a factual basis for the plea of guilty. The petition was denied and the defendant appeals, raising the sole issue of whether there was a factual basis for the plea of guilty to second degree murder.

Petitioner contends that the record of his guilty plea hearing did not support the post-conviction relief court's finding that there was a factual basis for the plea. Indiana Code Ann. § 35–4.1–1–4(b) (Burns 1979) provides:

"The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

The statute setting out the crime of murder in the second degree provided:

"Whosoever, purposely and maliciously, kills any human being, is guilty of murder in the second degree."

The petitioner claims that because he steadfastly denied that he intended to kill the victim of the shooting, there was no factual basis for the elements of purpose and malice.

In the post-conviction order denying relief, the court cited the following colloquy between the guilty plea hearing judge and Higgason as evidence that there was a factual basis for the plea on the elements of purpose and malice:

"BY THE COURT: Sir, I want you, for the record, to tell me exactly what you did. Mr. Higgason, that's a requirement of the Court before I accept a plea, I have to know.

A. I killed Al Lane.

BY THE COURT: And how did you kill him?

A. With a shotgun.

BY THE COURT: With a shotgun. You understand the charge of Murder in the Second Degree to which you are entering a plea requires malice and the Court having defined malice to you, are you telling the Court that you, with malice, aforethought killed Mr. Lane, is that correct?

A. I had no intentions of killing; there was just a shooting involved.

BY THE COURT: You did not intend to kill him?

A. No.

BY THE COURT: Would you explain that to the Court?

A. Well, I didn't intend to kill him.

BY THE COURT: Did you draw a shotgun at him?

A. Yes.

BY THE COURT: How far away from him were you when you fired the shotgun?

A. Twenty-five to thirty yards.

BY THE COURT: Did you know that a shotgun would kill at that distance?

A. Yes.

BY THE COURT: You intended to fire the shotgun at him, did you not?

A. Yes.

BY MR. WOLOSHANSKY: Your Honor, perhaps the defendant, should be questioned as to how many times he fired the shotgun.

BY THE COURT: Did you fire the shotgun more than one time?

A. Yes.

BY THE COURT: How many times did you fire it?

A. Three times.

BY THE COURT: Three times, and how many times did you hit Mr. Lane, if you know?

A. Twice.

BY THE COURT: But you did not intend to kill Mr. Lane. Do you mind telling me what you intended to do? You intended to hurt him, did you not?

A. Right.

BY THE COURT: The intention to shoot another human being with a shotgun, firing the shotgun twice at thirty feet, you indicate—

BY MR. KATZ: Thirty yards, twenty to thirty yards.

BY THE COURT: Thirty yards. Certainly indicate a purpose and intent requiring Murder in the Second Degree."

The post-conviction court rejected the petitioner's claim that his case was controlled by *Boles v. State*, (1973) 261 Ind. 354, 303 N.E.2d 645, observing that in *Boles* the defendant maintained his innocence, while the petitioner merely denied an element—intent.

The court held that the petitioner's testimony at the hearing that he intentionally shot the victim three times with a shotgun from a distance of twenty-five to thirty yards, knowing that a shotgun blast from that distance would kill, supplied the factual basis for a plea of guilty. The factual basis for the elements of purpose and malice could be inferred from the manner in which the killing was done, the court held.

In a proceeding for post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. In order to prevail on appeal from a denial of his petition, appellant must satisfy the court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Lagenour v. State*, (1980) Ind., 414 N.E.2d 295; *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215. The petitioner has not met this burden.

Malice is a state of mind which can be inferred from the use of a deadly weapon and the circumstances in which the

killing took place. *Henson v. State*, (1979) Ind. 392 N.E.2d 478. The evidence in this case cannot be said to lead unerringly and unmistakably to a conclusion opposite that reached by the court below. The denial of the petition for post-conviction relief is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.