**George E. PENDRICK, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 682S207.

Supreme Court of Indiana.

April 26, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) pled guilty to Murder, Ind.Code § 35–42–1–1 (Burns 1979) and was sentenced to thirty (30) years imprisonment. This appeal from the denial of post conviction relief presents but one issue, i.e., whether the transcript of the guilty plea hearing fails to disclose a factual basis for Petitioner's plea of guilty to Murder.

The information charged Petitioner with the knowing or intentional killing of Kevin Lakin. The evidence discloses that Petitioner and two others, all using weapons, beat Lakin to death and left the body in a ditch on a roadside in Porter County.

Petitioner argues that the transcript of the guilty plea hearing does not contain evidence of probative value upon the *mens rea* element of Murder in that it discloses that he then denied having any intent to kill the victim. In support of the factual basis for the guilty plea required by Ind. Code § 35–4.1–1–4 (Burns 1979), the transcript contains the following exchange between Petitioner and the Court:

"Q. Mr. Pendrick, the Probable Cause Affidavit in effect alleges that on the evening of May 14, 1979, in Porter County, Indiana, that you participated in a beating of one Kevin Lakin in this county, a beating that resulted in his death. Is that, in fact, true?

"A. Yes.

"Q. And would you indicate to the Court your participation that took place in this county, your participation in that beating which did, in fact, result in Mr. Lakin's death? Can you indicate to the Court what you did and how you, in fact, did participate and also indicate to the Court if you did so intentionally and knowingly, okay?

"A. Well, I hit him with a club anywhere from seven to eight times.

"Q. What type of club Mr. Pendrick?

"A. It was a metal club.

"Q. Did you do so intentionally and knowingly?

"A. I didn't want him dead, no.

"Q. Did you strike him with the club intentionally and knowingly?

"A. To hurt him yeah.

"Q. Did you do this in conjunction with several other people?

"A. Two.

"Q. Before you left the scene did you, in fact, know he was dead?

"A. Yeah.

"Q. Of course, at the time you did this you knew it was wrong, did you not, or against the law?

"A. Well, I wasn't in my right mind of thinking at the time." R. at 235–37.

Petitioner's argument seemingly overlooks the irrelevance of his declaration of a lack of intent to commit a homicide. That declaration, in part, no doubt, a declaration of remorse, did not diminish the legal effect of his other responses to the Court's questioning. Petitioner admitted facts which clearly and undeniably supported a finding of his participation in the act of Murder, as charged in the information and as defined in Ind.Code § 35–42–1–1(1):

"A person who: Knowingly or intentionally kills another human being commits murder, a felony."

The terms "knowingly" and "intentionally" are defined as follows:

"(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

"(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code § 35–41–2–2 (Burns 1979) (in pertinent part).

Petitioner admitted that he repeatedly struck blows upon the victim with a metal club. His testimony provides an ample factual basis from which the trial court could have concluded that he acted knowingly, that is, that he was aware of a high probability that he was striking the blows at the time he inflicted them.

Though Petitioner stated that he did not intend to kill, he admitted an intention to hurt the victim and that he had carried out that intention. In this respect Petitioner's case is similar to *Higgason v. State,* (1982) Ind., 435 N.E.2d 558. There, Petitioner had pled guilty to Second Degree Murder, Ind.

Code § 35–1–54–1(b) (Burns 1975), and argued that there was no factual basis in the record upon the elements of malice and purpose because he had denied any intent to kill the victim. We responded that the malice and purpose could be inferred from the Petitioner's admitted conduct of having fired a shotgun three times at the victim, and therefore, that Petitioner had not sustained his burden of demonstrating that the evidence led unerringly to a conclusion opposite of that reached by the trial court.

We note that the Criminal Study Commission Comments to Ind.Code § 35–42–1–1 (West 1978) state the following:

"The term purposely, found in the present statute (Ind.Code § 35–1–54–1; § 35–13–4–1 (Burns 1975)), is replaced by its synonym intentionally as the sole culpability required."

Consequently, as in *Higgason,* in the case at bar, Petitioner has not sustained that burden. The intentional aspect of his conduct may be inferred from his having repeatedly struck the victim, with a metal bar and in consort with others, in a manner likely to cause death. The trial court did not err in finding or inferring the requisite factual basis for a knowing or intentional killing from the above quoted portion of the guilty plea hearing.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.