Thomas NEELEY, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–1185A362.

Court of Appeals of Indiana,
Second District.

Dec. 1, 1986.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. to the Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Thomas Neeley appeals the trial court's denial of his petition for post-conviction relief. We affirm.

## DISCUSSION

The sole issue raised on appeal is whether Neeley's 1961 guilty plea for robbery was knowing and voluntary.

Neeley acknowledges his guilty plea was accepted prior to *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 but argues the pre-*Boykin* standard required the guilty plea court to determine Neeley made his plea "intelligently, advisedly and understandingly, with full knowledge of his rights," *Goffner v. State* (1979), 270 Ind. 562, 387 N.E.2d 1321, quoting *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501, 502. Neeley asserts he was informed only of his rights to trial by jury and to an appeal after trial. Therefore, he argues, the post-conviction court erred in finding his guilty plea was knowing and voluntary.

Although the record before the post-conviction court fails to reveal Neeley was fully advised on the record of his constitutional rights, it does reveal he was represented by counsel and that his counsel had discussed his constitutional rights with him.[1] In *Conley v. State* (1972), 259 Ind. 29, 284 N.E.2d 803, our supreme court emphasized the trial court's affirmative duty to advise unrepresented defendants of their constitutional rights, 259 Ind. at 35, 284 N.E.2d 803, but stated there was "no Indiana decision which would extend such standards to situations in which the defendant had complete representation...." *Id.* at 36, 284 N.E.2d at 808. Further the *Conley* court said:

"[w]ithout an allegation and showing of ineffective counsel in this case, we must conclude that Conley's attorney provided full and adequate assistance, which would include consultation regarding the defendant's constitutional rights...."

*Id.* at 37, 284 N.E.2d at 809 (emphasis added). Here, Neeley failed to recognize his burden of proving his counsel was ineffective in the context of the asserted error.[2] Therefore, the post-conviction court properly denied Neeley's petition.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

1. "Q. When you enter a plea of Guilty to the charges in this affidavit [illegible] telling me that on or about January 7, 1961, that you were involved in the taking of some money while armed with a pistol from the Guarantee Auto Stores here in Indianapolis, is that right?
   A. Yes sir.
   Q. You have discussed this with your Attorney, Mr. Chavis, have you?
   A. Yes.
   Q. He has explained your rights—that you have a right to trial by Jury or Court if you wish?
   A. Yes sir.
   Q. Should you have a trial by Court or Jury and be dissatisfied with the results you have

[illegible] Appeal to the Indiana Supreme Court, understand that?
   A. Yes sir.
   Q. Understand the penalties for Robbery are a ten to twenty-five year sentence, and the penalty for committing a crime while armed with a firearm is any determinate sentence from one year to ten years—that it could be four or five years—something like that, understand?
   A. Yes."
   Record at 27.

2. We do not consider the additional burden that may be imposed upon Neeley by *White v. State* (1986), Ind., 497 N.E.2d 893.