Jimmie Dale WOODS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

Nos. 45A03–8606–PC–174,
45A04–8606–PC–188.

Court of Appeals of Indiana,
Third District.

April 13, 1987.

Rehearings Denied June 8, 1987.

Susan K. Carpenter, State Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jimmy Dale Woods appeals the trial court's denial of two separate petitions for post-conviction relief, which we consolidate for the purpose of this appeal. In his PCR petitions, Woods challenged his 1960 conviction for second degree burglary and his 1968 conviction for robbery.

We affirm.

## I.

### *1960 Conviction*

On April 4, 1960, Woods entered a guilty plea to a charge of second degree burglary. In his petition for post-conviction relief, filed July 12, 1984, Woods challenged the sufficiency of the *pro forma* waiver of juvenile jurisdiction, as well as the sufficiency of the trial court's advisement of the possible sentence. The State raised the affirmative defense of laches.

To prevail on the defense of laches, the State must prove by a preponderance of the evidence that (1) there was an unreasonable delay by the petitioner in seeking relief, and (2) that the State would be prejudiced in reprosecuting the petitioner should his guilty plea be vacated. *Canter v. State* (1986), Ind.App., 496 N.E.2d 823, 824. In reviewing the sufficiency of the evidence to support the trial court's finding of laches, we will not reweigh the evidence or judge the credibility of witnesses. Looking only to the evidence most favorable to the judgment, we will affirm if there is substantial probative evidence to support it.

Although the passage of time alone does not constitute laches, the nearly 25 years which elapsed since Woods' conviction raises a strong presumption that the State would be prejudiced in prosecuting him again for this offense. During such a period records are lost, memories dim, and the appearance of the defendant will likely change considerably. At Woods' post-conviction hearing, the State presented evidence that the prosecutor's file in the case no longer existed. Court records were available, however, and from its research based on these records, the State presented evidence that the owner of the premises involved in the burglary was not an eyewitness and had no recollection of Woods'

involvement in the burglary. There was also evidence that the officer who had sworn to the charging affidavit was deceased. Although the State did not attempt to contact each witness named on the charging information, given the passage of time and the evidence which the State did present, we find that there was substantial probative evidence of prejudice. We also find sufficient evidence of unreasonable delay, since Woods waited almost 25 years to challenge his conviction, and his incarceration provided adequate opportunity and incentive to inquire about post-conviction rights and remedies. *Parrish v. State* (1986), Ind.App., 498 N.E.2d 73.

■ Even were Woods' petition not barred by laches, it would not succeed. He first challenges the validity of the *pro forma* waiver of juvenile court jurisdiction. At the time Woods was convicted on this charge, such a waiver was valid, although *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320 would later require that the juvenile court specifically state its reasons for waiving jurisdiction. We would not apply *Summers* retroactively, however, since it has little, if anything, to do with the truth-finding function of the criminal justice process. *See Rowley v. State* (1985), Ind., 483 N.E.2d 1078.

■ Woods also alleges that he was insufficiently advised of the possible sentence when he entered his guilty plea. To prevail on this issue, Woods would have to satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Higgason v. State* (1982), Ind., 435 N.E.2d 558, 559. The record indicates that the face sheet for Woods' pre-sentence investigation report and the minutes of the court for April 4, 1960, show a sentence of one to ten years. (Record, at 91, 174). Nevertheless, the record also reflects that Woods was properly advised that the sentence was two to five years, and that this is the sentence that the trial court imposed. (Record, at 203). We are not convinced that the trial court erred.

We affirm the trial court's denial of Woods' petition for post-conviction relief from his 1960 burglary conviction.

## II.

### *1968 Conviction*

Woods also petitioned for post-conviction relief from his 1968 conviction for robbery. In that case Woods, while represented by counsel, entered a guilty plea. He now challenges this plea, arguing that he was not fully advised of his rights before he entered it.

■ The State again raised laches as an affirmative defense. The State attempted to contact witnesses listed in the available records, but discovered that the victim was dead, one of the investigating officers had moved to Florida, and another witness could not be located. The remaining eyewitness testified at the PCR hearing that he had some memory of the incident, but could not identify Woods from a line-up, and the remaining investigating officer said the same. We find sufficient evidence of prejudice and of unreasonable delay.

■ Woods argues that laches cannot be used to bar him from challenging this conviction, because it is an equitable doctrine. It would not be equitable, Woods argues, to bar him from challenging the old conviction while allowing the State to use it against him in its habitual offender proceedings. We do not agree. The State was not able to use the old conviction until the conditions precedent to an habitual offender charge came into existence, while Woods was able to challenge it from the time it was entered.

■ Even if Woods' challenge were not barred by laches, he would not prevail. He challenged the conviction on the ground that he was not fully advised of his rights before entering his guilty plea. Woods' guilty plea was entered prior to *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and *Boykin* will not be applied retroactively. *Williams v. State* (1985), Ind.App., 477 N.E.2d 906, 908.

In a pre-*Boykin* case, the trial judge was not required to personally advise a defendant of his rights. In the absence of a claim of ineffective assistance of counsel, it is presumed that trial counsel fully advised the defendant of his rights. *Williams, supra,* 477 N.E.2d at 909. The record shows that Woods was represented by counsel when he entered his 1968 guilty plea (record, at 175), and he has made no claim of ineffective assistance of counsel.

We affirm the denial of Woods' petitions for post-conviction relief from his 1960 and 1968 convictions.

HOFFMAN, J., concurs.

NEAL, J., concurs with opinion.

NEAL, Judge, concurring.

While I agree with the conclusion reached in this case, I am of the opinion that, under issue A, laches has been shown. One offense is 27 years old, and the other one is 19 years old. Knowledgeable and experienced persons know that the mere passage of time erodes the quality of litigation and works to the detriment of the party bearing the burden of proof, here the State.

Time erodes the merits of a case in geometric progression to the amount of time that has elapsed. Under circumstances, as here, a witness, even if available, may be called upon in court to identify a defendant, now a middle-aged man, whose whole appearance and bearing has changed with the years. The witness's memory is of a teenager. A quarter of a century later he is confronted with a middle-aged man who may be fat, bald, gray, or otherwise wholly changed. A jury, with complete justification, could and would seriously question the accuracy of the identification or other testimony about the case. Additionally, the jury would undoubtedly question the motives of a prosecuting attorney for trying a defendant for a 27 year-old burglary, for explanation of the reason that the defendant had once pleaded guilty, could not be admitted into evidence.

Of course, the policy of the law has always frowned upon stale claims, and pursuant to such policy, criminal statutes of limitation for felonies of five years, and various civil statutes of limitation of two, six, and ten years have been enacted. *See* IND.CODE 34-1-2-1, IND.CODE 34-1-2-2, and IND.CODE 35-41-4-2. Ind.Rules of Procedure, Criminal Rule 4(C) mandates that a charged defendant be tried within one year. The obvious, wise purpose of the policy is to force matters to be litigated while memories are fresh.

Thus, time alone raises the inference of prejudice to the State. This delay is occasioned solely by the defendant. He was in court, yet he has waited 27 years for it to occur to him that he was in any way prejudiced by the proceedings.

In these cases the sentence has been served and any action by the court cannot erase that result. But this is not the purpose of the post-conviction proceedings. The purpose is to undermine an habitual criminal charge based upon recidivist criminal conduct. The normal post-conviction petition does not pretend to demonstrate underlying merit. It does not pretend to show that the defendant, contrary to his plea and confession in open court, was not guilty, or that there has been a miscarriage of justice. It merely raises ancient, semantic matters which the defendant claims misled him and his attorney. Such policy threatens collateral attacks on all criminal convictions occurring in the lifeline of people.

As stated, time alone is prejudice, and should be so held. Additionally, a defendant in these old cases, should be required to show prejudice, as he now is under *White v. State* (1986), Ind., 497 N.E.2d 893.