Cal ELLIS a/k/a Lester
Brown, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8707–CR–708.

Supreme Court of Indiana.

Sept. 14, 1988.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Child Molesting, a Class C felony, for which he received a sentence of eight (8) years; Child Molesting, a Class D felony, for which he received a sentence of four (4) years; Incest, a Class D felony, for which he received a sentence of four (4) years; and Rape, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender. His sentences were ordered to be served consecutively.

The facts are: On June 8, 1986, appellant's wife and stepson went to the store and left appellant at home alone with his fifteen-year-old stepdaughter, B.E. Almost immediately appellant started fondling the victim, and when she resisted his advances, he hit her in the face with his hand. He then removed her clothing and raped her. The victim testified that after he struck her she did not further resist because she was afraid of him, and following the incident

she did not tell her mother because she knew her mother was also afraid of appellant. The victim testified that appellant had been molesting her several times a week since she was six years old.

Appellant argues the evidence is insufficient to support his convictions. He points out that no witnesses other than the victim testified about the rape. He further states the testimony of States' witnesses was inconsistent in that some witnesses said appellant began having intercourse with B.E. when she was five or six, and some said he merely begget fondling her at that age. Also, he notes that B.E.'s rape was not substantiated by medical evidence, and she showed no physical sign that he had struck her in the face.

Because of these deficiencies in the evidence, appellant claims the evidence is inherently untrustworthy and fails to support his convictions. He concludes that due to the absence of any sex-related crimes in his case, his incest conviction cannot stand.

■ This Court will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The uncorroborated testimony of the victim may be sufficient to sustain the verdict. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

■ B.E. testified in detail about the June 8 rape and other attacks upon her by appellant which occurred throughout her childhood. We find no basis for a determination that the testimony was inherently unreliable or that the evidence was insufficient to sustain appellant's convictions.

■ Appellant contends the trial court abused its discretion by sentencing him to maximum consecutive terms on each count. He asserts that the trial court did not sufficiently articulate the factors upon which it relied when imposing an aggravated sentence.

During appellant's sentencing the trial court did in fact find aggravating circumstances in that the molestations had occurred over a lengthy period of time and that acts of violence and threats of acts of violence had occurred over a lengthy period of time. These acts included burning B.E. with an iron, threatening her with a gun, and shaving her head when she refused to have sex with him. The trial court also considered appellant's prior arrests and convictions for firearm violations and for violent crimes. It was entirely proper for the trial court to consider such aggravating circumstances. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071. The trial court did not err in finding aggravating circumstances.

■ However, we point out the trial court did err in sentencing appellant on both Child Molesting, a Class C felony, and Child Molesting, a Class D felony, inasmuch as the charging information, although charging two acts of molestation, relied upon the identical incident to support both charges. The trial court committed the same error in sentencing appellant for both the crime of incest and the crime of rape. Here again, the charging information alleged a single act to support both charges. This Court has previously stated:

"The imposition of two sentences for the same injurious consequences which were sustained by the same victim and inflicted by the defendant's singular act violatives [sic] both federal and state double jeopardy prohibitions." *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1089; *see also Bevill v. State* (1985), Ind., 472 N.E.2d 1247, 1254.

■ Appellant argues the evidence fails to establish that he is an habitual offender. The documents submitted by the State show that appellant was arrested for assault and battery with intent to murder on March 31, 1972 and was committed for that crime on August 30, 1972 for two to fourteen years. The record also shows that appellant committed the crime of second degree burglary on February 19, 1976 and sentence was imposed on May 11, 1976 for one to five years. A fingerprint expert testified that the prints on these documents matched those taken by him from appellant.

The evidence in this record clearly supports the finding that appellant is an habitual offender.

This cause is remanded to the trial court with instructions to expunge its record as to the sentencing of appellant for Child Molesting, a Class C felony, and also to expunge the record as to the sentence for Incest, a Class D felony. The sentences of appellant for Child Molesting, a Class D felony, for which he received four (4) years, and the sentence for Rape, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years by reason of the finding that he is an habitual offender, are affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.