Clarence **TAYLOR**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 49S00–8712–PC–1165.

Supreme Court of Indiana.

March 28, 1989.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

On September 30, 1977, appellant was charged with four counts of the Commission of a Felony While Armed: to-wit, Robbery, and two counts of Physical Injury While in Commission of Robbery.

On April 25, 1978, appellant entered into a plea agreement under which he agreed to plead guilty to one count of physical injury while in commission of a robbery, and in exchange, the State was to dismiss the other charges. On May 16, 1978, appellant was sentenced to life imprisonment.

On August 5, 1985, appellant filed his *pro se* petition for post-conviction relief. Following a hearing, the trial court denied appellant's petition. In so doing, the trial court correctly observed that appellant was sentenced under the authority of Ind.Code § 35–13–4–6 (repealed Oct. 1, 1977). This statute provided for life imprisonment as the only sentence available upon a conviction of inflicting injury while in the commission of a robbery. The court further found that appellant was so advised at the time he entered his plea of guilty.

Appellant now claims that his plea of guilty was not entered knowingly and voluntarily because the trial court failed to advise him of the possibility of an increased sentence by reason of prior convictions, and further, the trial court did not advise him of the minimum sentence which he could receive as a result of his plea. However, the record does not bear out appellant's allegations. As above stated, there was no minimum sentence to the extent that the trial court could not have rendered a sentence less than life imprisonment, and further, it was entirely immaterial as to whether appellant had a prior record inasmuch as his plea of guilty required the court to give him a life sentence. Thus the enhancement of a sentence by reason of prior record is not an issue in this case.

Appellant has neither pleaded nor proven any specific facts from which it could be concluded that any failure of advisement rendered his plea unintelligent or involuntary. To prevail on appeal from a denial of post-conviction relief, appellant must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Higgason v. State* (1982), Ind., 435 N.E.2d 558. This appellant has failed to do.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.