Hector ACUNA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9105–CR–207.[1]

Court of Appeals of Indiana,
Fifth District.

Nov. 25, 1991.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

1. This case has been diverted to this office by order of the Chief Judge.

RUCKER, Judge.

Following a bench trial, Hector Acuna was convicted of two counts of child molesting as Class B felonies (sexual intercourse and deviate sexual conduct)[2], one count of child molesting as a Class C felony (fondling)[3], and one count of incest, a Class D felony[4]. Acuna was sentenced to fifteen (15) years for each of the Class B felony child molesting convictions, with the sentences to run consecutively. Acuna was also sentenced to four (4) years on the Class C felony child molesting conviction and a year and a half on the incest conviction, both to be served concurrently with the sentences imposed for the Class B felony convictions.

Acuna now appeals and presents two issues for our review:

(1) Whether the evidence was sufficient to sustain his convictions.

(2) Whether the sentences violated the prohibition against double jeopardy.

We affirm in part and reverse in part.

The victim, J.A., is the daughter of Acuna and was born October 4, 1976. During a night in August 1986, Acuna, dressed only in his underwear, called J.A. into his bedroom. He pulled down J.A.'s pajama bottoms and underwear, placed her on his bed and removed his own underwear. Acuna then got on the bed and placed his finger in J.A.'s vagina before using her hand to rub his penis. Thereafter, Acuna had vaginal and anal intercourse with J.A.

J.A. had been sexually molested by her father since she was five or six years of age. She had also been sexually molested by her brother during the same time period as the August, 1986 incident with Acuna. A medical examination of J.A. on August 30, 1986, revealed that she had been subjected to "chronic vaginal penetration."

Additional facts will be discussed below as necessary.

**2.** I.C. § 35–42–4–3(a).

**3.** I.C. § 35–42–4–3(b).

## I.

Acuna first argues J.A.'s trial testimony was so confusing that the evidence is insufficient as a matter of law to sustain the convictions. He asserts it can not be determined when the sexual acts described by J.A. actually occurred. Acuna also contends J.A. was a sexually active child and it is not clear whether J.A.'s testimony refers to sexual contact with him or J.A.'s brother.

In reviewing a claim of sufficiency of the evidence our standard of review, as Acuna acknowledges, is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

In order to convict Acuna of child molesting as charged, the State had the burden of proving J.A. was under twelve years of age and that Acuna performed with her acts of: sexual intercourse, deviate sexual conduct and fondling or touching with the intent to arouse or satisfy Acuna's sexual desires. *See* I.C. § 35–42–4–3(a) and (b). For the purposes of this case, deviate sexual conduct means an act involving the sex organ of one person and the mouth or anus of another person. *See* I.C. § 35–41–1–9(1). In order to convict Acuna of incest the State had the burden of proving Acuna, knowing that he was J.A.'s father, engaged in an act of sexual intercourse with her. *See* I.C. § 35–46–1–3(a). There was no dispute concerning J.A.'s age or that Acuna knew he was J.A.'s father.

David Walker, a police officer, interviewed J.A. on September 3, 1986, and testified at trial concerning the statement J.A. gave to him. There was no objection to Walker's testimony; therefore, J.A.'s statement to Officer Walker could be considered as substantive evidence. *Banks v. State* (1991), Ind., 567 N.E.2d 1126.

**4.** I.C. § 35–46–1–3(a).

In J.A.'s interview with the officer she was asked to describe the last occasion she had been molested by her father. J.A. informed Officer Walker that Acuna called her into his bedroom at a time her mother was not home, placed his finger in her vagina, used her hand to rub his penis, and then had vaginal and anal intercourse with her. J.A.'s statement placed the date of this incident in August of 1986.

At trial, J.A.'s testimony revealed numerous instances of fondling, vaginal intercourse and anal intercourse performed on her by Acuna. J.A. testified the sexual attacks began when she was five or six years old. She recounted a specific incident that occurred when Acuna called her into his bedroom at a time that her mother was not home. J.A. did not indicate the date of this incident and denied anal intercourse occurred on that occasion. Although J.A.'s trial testimony was at variance with the account given to Officer Walker, it was not so incredibly dubious or inherently inconsistent that no reasonable person could believe it. *See Shippen v. State* (1985), Ind., 477 N.E.2d 903, 904.

A lack of perfect clarity in J.A.'s trial testimony does not make the evidence insufficient as a matter of law. J.A. was fourteen years of age at the time she testified, and her testimony concerned an event which had occurred over four years earlier. In contrast, J.A.'s statement to Officer Walker was given shortly after the event. The trial judge, as fact finder in this case, was justified in taking these circumstances into account in weighing the evidence. *Hash v. State* (1973), 259 Ind. 683, 291 N.E.2d 367; *Tague v. State* (1989), Ind., 539 N.E.2d 480.

The weight and credit afforded the witnesses' testimony and the resolution of conflicting testimony is exclusively the function of the fact finder and one with which this court will not interfere. *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81. Acuna's argument concerning J.A.'s trial testimony is merely an invitation to reweigh the evidence. We decline the invitation. Taken as a whole, the evidence was sufficient to support a finding of guilty on all counts.

## II.

Acuna next argues his conviction and sentence violate prohibitions against double jeopardy. Citing *Ellis v. State* (1988), Ind., 528 N.E.2d 60 and *Lane v. State* (1989), Ind.App., 539 N.E.2d 488, Acuna contends reversal of his conviction is mandated because all of the charges against him were based on a single incident of sexual molestation.

In *Ellis*, the defendant fondled his fifteen-year-old stepdaughter and when she resisted his advances the defendant slapped her. Ellis then removed the victim's clothing and engaged her in vaginal intercourse. He was convicted of rape, incest, child molesting/fondling and child molesting/sexual intercourse. Our supreme court determined the evidence was sufficient to support the multiple convictions but ordered the sentencing expunged for incest and child molesting/sexual intercourse.

The court held the sentencing of Ellis was erroneous because "the charging information, although charging two acts of molestation, relied upon the identical incident to support both charges." *Ellis*, 528 N.E.2d at 61. In explaining its holding, the supreme court indicated: "The imposition of two sentences for the *same injurious consequences* which were sustained by the same victim and inflicted by the defendant's singular act violatives [sic] both federal and state double jeopardy prohibitions." *Id.*, quoting *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1089. (Emphasis added).

In *Lane, supra,* the defendant removed his fifteen-year-old victim's clothing, rubbed her breasts, and then engaged her in vaginal intercourse. Lane was convicted of both child molesting/fondling and child molesting/sexual intercourse. Citing *Ellis* we vacated the defendant's conviction for child molesting/fondling. An excellent analysis of *Ellis* and *Lane* appears in *Starks v. State* (1991), Ind.App., 565 N.E.2d 1142, *trans. denied* and is helpful in our analysis of the case before us.

In *Starks*, the defendant forced the ten-year-old victim to perform fellatio on him, and after the victim's unsuccessful attempt to obtain help, he engaged her in vaginal and anal intercourse. Thereafter, Starks again forced the victim to perform fellatio on him and submit to vaginal intercourse.

Starks was charged with three counts of child molesting as Class B felonies, one count of child molesting as a Class C felony, and one count of confinement as a Class D felony. He entered into a plea agreement and pled guilty to two counts of Class B felony child molesting and one count of confinement. On appeal, Starks argued his guilty plea was not knowing, voluntary and intelligent because his attorney had incorrectly advised him that he faced potential conviction on all charges. Rather, argued *Starks*, *Ellis* and *Lane* mandated he could only have been convicted of one count of child molesting and the confinement count.

Judge Shields, writing the majority opinion in *Starks*, determined the defendant's guilty plea was knowing, voluntary and intelligent because Starks could have been convicted on each of the child molesting charges. In reaching this conclusion the court observed that while the language in *Ellis* seemed to suggest that sentences for both fondling and sexual intercourse under separate subsections of the child molesting statute could not stand because both were founded on the "identical incident," a closer reading of *Ellis* revealed the supreme court based its holding on facts giving rise to the "same injurious consequences." *Starks* at 1143–1144.

The *Starks* court determined "*Ellis* does not prohibit sentences for both fondling and sexual intercourse, as acts of child molesting, even if the acts arise from the same incident, in the sense of the same occasion, if the acts are distinct and separate and not preparatory and incidental to one another." *Id.* at 1144. Hence, Starks' acts of molestation, as described above, were found to be separate and distinct, and a source of separate harm to the victim, even though they occurred on the same occasion. Therefore, multiple convictions were not prohibited by double jeopardy protections.

■ We note the perspective in *Starks* is consistent with well-settled law: "double jeopardy provisions are not violated when a defendant is punished for several acts of rape and deviate sexual conduct committed upon the same victim." *Brown v. State* (1984), Ind., 459 N.E.2d 376. So long as similar acts done many times to the same victim constitute "separate and distinct offenses," the actor may be charged with each "as separate and distinct criminal conduct." *Id.* Moreover, our supreme court has stated on numerous occasions: "We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to compound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts." *Id.*, quoting *Wilson v. State* (1970), 253 Ind. 585, 255 N.E.2d 817.

In contrast, the *Starks* court explained that *Lane*, *supra*, involved an act of fondling which was merely "incidental and preparatory" to the act of sexual intercourse and not a separate and distinct act. Therefore, convictions for both child molesting/fondling and child molesting/sexual intercourse could not stand under *Ellis*.

We agree with the reasoning in *Starks*, *supra*, and find it consistent with our supreme court's decision in the recent cases of *Watkins v. State* (1991), Ind., 575 N.E.2d 624 and *Bowling v. State* (1990), Ind., 560 N.E.2d 658. In *Watkins*, the defendant was convicted of child molesting/fondling and attempted child molesting/deviate sexual conduct. Our supreme court held the defendant's conviction for child molesting/fondling could not stand because the act supporting that conviction occurred within moments of the act supporting Watkins' conviction for attempted child molesting/sexual deviate conduct, as part of one incident.

In *Bowling*, *supra*, the defendant was convicted of both child molesting/fondling and child molesting/deviate sexual conduct. Accepting Bowling's contention that the acts supporting the two convictions took

place simultaneously on one occasion, the supreme court reversed his conviction for child molesting/fondling. *Ellis* was cited as precedent for the result.

In both *Watkins* and *Bowling*, the facts were similar to those in *Lane*. Namely, the act of fondling was incidental and preparatory to the act of deviate sexual conduct and attempted deviate sexual conduct, and thus took place within the identical incident. Under those circumstances the prohibition against double jeopardy was offended and both convictions could not stand. *Ellis, supra.*

Turning to the case before us, the acts supporting Acuna's convictions for child molesting/sexual intercourse and child molesting/deviate sexual conduct were committed on a single occasion within a short period of time. However they do not have the "same injurious consequences." *Ellis, supra.* That is, each act of penetration was the source of a distinct and separate harm to J.A., and they were not preparatory and incidental to one another. *Starks, supra.* The prohibition against double jeopardy therefore is not offended by Acuna's convictions on both Class B felony child molesting counts. To hold otherwise would encourage the compounding and viciousness of acts of sexual molestation committed on defenseless children. *See Brown, supra.*

 In contrast however Acuna's conviction for incest cannot be sustained. The single act of sexual intercourse underlies Acuna's conviction for both incest and child molesting/sexual intercourse. The prohibition against double jeopardy will not permit Acuna's incest conviction to stand[5]. *Ellis, supra.* The prohibition against double jeopardy is likewise offended by Acuna's conviction for child molesting/fondling and child molesting/sexual intercourse. Acuna's act of fondling was incidental and preparatory to the subsequent acts of vaginal and anal intercourse. Under the circumstances both convictions cannot stand.

*Watkins, supra, Bowling, supra, Lane, supra.*

Accordingly, the convictions and sentences for incest and child molesting as a Class C felony are ordered vacated. In all other respects the judgment of the trial court is affirmed.

BARTEAU and MILLER, JJ., concur.

---

**5.** It has been previously the rule that one act of intercourse would satisfy a conviction for both child molesting and incest. *Snider v. State* (1980), 274 Ind. 401, 412 N.E.2d 230. Although *Ellis* did not explicitly overrule *Snider,* we believe that the later case is controlling here.