Robert L. GARY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–679A179.

Court of Appeals of Indiana,
Third District.

Feb. 20, 1980.

Clorius L. Lay, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Robert Lewis Gary was charged and convicted by jury of the crime of Theft, a class D felony.[1] He was sentenced to the Indiana Department of Correction for a period of four years.

On appeal, Gary raises seven issues for our consideration:

(1) Did the trial court commit error when it allowed the owner of the stolen car to testify as to the condition of the ignition lock when he recovered it?

(2) Did the court err in admitting into evidence Exhibits # 2 and # 3?

(3) Did it err in allowing the arresting police officer to testify as to how a car can be started without a key?

(4) Did the court err in the giving of Instruction # 9?

(5) Was the jury's verdict supported by sufficient evidence?

(6) Did the trial court err in denying Gary's motion for a directed verdict at the close of the State's evidence?

(7) Did it err in sentencing Gary to imprisonment for four years?

We affirm.

---

1. IC 1971, 35–43–4–2. Theft.—A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony.

The facts relevant to out disposition of the case indicate that Frank Eastland was the owner of a 1972 Lincoln automobile which was stolen after he parked it, locked it and went into a store to buy a newspaper.

Nearly a week later, police officer Burgess was on an early morning patrol when he saw a car pull out of a nearby parking lot. After watching the speeding car's failure to stop at a red light, Burgess gave chase. In attempting to make a high-speed turn from the street into an alley, the car crashed into a pillar at the side of the alley. Burgess was then able to apprehend its driver, Robert Lewis Gary. The car later proved to be the Lincoln stolen from Frank Eastland.

█ On appeal, Gary charges that the testimony regarding the condition of the ignition lock was irrelevant in that "it failed to prove or disprove the sought after inference that appellant had exerted unauthorized control over the vehicle." He correctly notes that the trial court's determination of relevancy will not be reversed unless it can be shown that the trial court manifestly abused its discretion. *Smith v. Crouse-Hinds Co.* (1978), Ind.App., 373 N.E.2d 923. He claims, however, that the court did abuse its discretion when it admitted this evidence which had been "tampered with" by police. This, simply, is not the case.

█ Eastland testified that when he saw his car after it had been recovered by police, he noticed that the ignition lock was "snapped, broken." Gary contends the police "manufactured" this evidence before returning the car to Eastland. Officer Burgess's testimony makes it clear that the police did not "tamper" with the ignition lock. He explained:

"Q. Now, was the subject physically hurt during this crash, that you could see?

"A. Not to my knowledge.

"Q. After getting no registration or license, what did you do next?

"A. I advised the subject that he was under arrest for driving with no driver's license and placed him in the police car and asked him whose car it was. He stated it was a friend's car.

"Q. What occurred next?

"A. I checked the registration with the Gary Police Department.

"Q. What did you learn?

"A. He gave me a name, but I couldn't remember the name. But when the registration came back to this vehicle, it wasn't registered to who he said it was registered to.

"Q. What did you do at this point?

"A. At this point, I got out of the police car, I walked over to check the vehicle. I saw no keys in the ignition. I went back, and *I asked the Defendant where were the keys. He stated he didn't have any.*

"Q. What did you do next?

"A. I checked the vehicle to find out if it was stolen, with the Police Department. The answer came back that the vehicle was stolen.

"Q. While you stopped the car, did you check the ignition lock of the '72 Lincoln?

"A. Yes, I did.

"Q. Do you, can you explain what you observed?

"A. *After he had told me that he had no keys, I pulled out the outer part of the ignition. And it came out.*

"Q. Did you have to yank or pull hard?

"A. *No, sir, I didn't.*" (Emphasis added.).

Burgess's actions were not those of one "tampering" with evidence, but rather those of a police officer investigating a stolen vehicle incident. To tamper is "to meddle so as to alter a thing, especially to make illegal, corrupting or perverting changes." *Black's Law Dictionary* 1305 (5th ed. 1979). This was not the case.

█ Evidence as to how a car can be started without keys was later introduced by Officer Burgess. He explained that, once an ignition switch has been forcibly pulled out, a car can be started by inserting a screwdriver into the remaining hole. We

conclude that the "broken switch" evidence is relevant. This evidence makes the sought-for inference more probable than it would be without it. *Smith, supra.* It is relevant in view of the fact that when Gary was apprehended, while driving the stolen car, he had no keys in the car or on his person.

Gary next contends that the admission of Exhibit # 2, a photograph of the pulled ignition switch, and Exhibit # 3, a print-out from the Bureau of Motor Vehicles, was error. He argues that the photograph was irrelevant and that the trial court abused its discretion by admitting this type of "manufactured" evidence. As we noted earlier, the testimony regarding the pulled switch was relevant and, contrary to Gary's claim, this evidence was not "manufactured" by police. Photographs are admissible as evidence of anything to which a witness might himself be permitted to testify. *Merritt v. State* (1978), Ind., 371 N.E.2d 382. Their relevancy is determined by whether a witness would be allowed to describe what the photograph depicts. *Wilson v. State* (1978), Ind., 374 N.E.2d 45. Admission of a photograph is within the sound discretion of the trial court and will not be disturbed unless the trial court has abused its discretion. *Wilson, supra.* As the testimony regarding the broken switch was properly allowed, we conclude that the trial court did not abuse its discretion in admitting a photograph depicting the same.

Gary contends that the admission of the Bureau of Motor Vehicles print-out, containing the vehicle identification number of the stolen automobile, was error. His argument that the jury was prejudiced by the "cumulative nature of this evidence" is unpersuasive. Relevant evidence will not be rejected simply because it is cumulative. *Bates v. State* (1977), Ind., 366 N.E.2d 659. The admission or exclusion of cumulative evidence is within the sound discretion of the trial court. *Stewart v. State* (1977), Ind.App., 368 N.E.2d 253. Not only has Gary failed to show us how the court abused its discretion by admitting this evidence, but he has not shown us how he was prejudiced by the court's ruling on this objection.

Gary urges us to conclude that the court erred when it allowed Officer Burgess to testify as to how to start a car without a key. He contends that Officer Burgess was not properly qualified as an expert and, as such, could not testify to this procedure. We disagree. An expert may be qualified by evidence of formal training or practical experience. *Culley v. State* (1979), Ind.App., 385 N.E.2d 486. This determination is within the sound discretion of the court and will not be set aside unless there is a showing of manifest abuse of discretion. *Niehaus v. State* (1977), 265 Ind. 655, 359 N.E.2d 513; *Culley, supra.* The record reveals that Officer Burgess had ample opportunity to observe the methods of auto thieves during his eight years with the police department. In addition to the practical experience gained by actively investigating approximately 20 auto thefts, Officer Burgess also received instructions from the police department as to auto theft procedures. We conclude that the trial court did not abuse its discretion in finding the training and background of Officer Burgess sufficient as to allow him to testify on this point. The extent of his knowledge and experience is more properly addressed to the weight of his testimony, to be determined by the jury. *Blair v. State,* (1977), Ind.App., 364 N.E.2d 793.

Gary next contends that the trial court erred in giving the following instruction:

"Evidence of flight or other actions calculated to hide a crime or effect an escape is admissible as evidence of guilt. It is for the trier of fact to assign the weight to such evidence."

He asserts that this instruction invades the province of the jury by misleading them as to the undue prominence given to the evidence of flight. The only record of Gary's objection to the instruction in question is as follows:

"The Defendant objects to the Court's giving Instruction Number Nine (9)."

This objection preserves nothing on appeal. An appellant must make a specific objection in the trial court below in order to utilize

the argument on appeal. *Dudley Sports Co. v. Schmitt* (1972), 151 Ind.App. 217, 279 N.E.2d 266. Gary's objection was far too general to be enlightening to a trial judge and is far too broad to present a question on appeal.

Gary next questions whether the jury's verdict is supported by sufficient evidence. In considering such questions on appeal, we may consider only that evidence most favorable to the State, together with all the logical and reasonable inferences to be drawn therefrom. *Conard v. State* (1977), Ind.App., 369 N.E.2d 1090. This Court will neither weigh the evidence nor determine the credibility of the witnesses. *Conard, supra.* When there is substantial evidence of probative value supporting the jury's verdict, it will not be set aside. *Jones v. State* (1978), Ind., 377 N.E.2d 1349.

The facts of record and the reasonable inferences drawn therefrom most favorable to the State establish that Gary was apprehended, after a high-speed chase, driving the stolen Lincoln. He first told the arresting officer that he had borrowed the car from a friend. Gary then told the officer that he did not know where the friend lived. Gary not only gave a false name upon arrest, but he possessed no ignition key to the car. Suggestive of the strong possibility that the car had been started without a key, Officer ·Burgess testified that the ignition lock was loose and pulled out easily. This testimony, along with Gary's flight and evasiveness, prior to and after apprehension, is sufficient to support the jury's verdict.[2] We do not have to find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence. *Jones, supra; Bruce v. State* (1978), Ind., 375 N.E.2d 1042, 1080. We need only find that an inference, tend-

ing to support the finding of the trial court, may be reasonably drawn from the evidence. *Jones, supra; Bruce, supra.*

Gary finally claims that the court erred when it sentenced him to imprisonment for four years. This is not correct. The conviction of Theft is a class D felony. IC 1971, 35–50–2–7 requires:

"(a) A person who commits a class D felony shall be imprisoned for a fixed term of two [2] years, with not more than two [2] years added for aggravating circumstances; . . ."

IC 1971, 35–4.1–4–7(a) provides that:

"In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

Gary's sentence was four years, the maximum amount allowed by statute for this crime. The court noted, in imposing the sentence, that "The reason the Court imposes the sentence of four (4) years is due to the rather extensive criminal record of this defendant."[3] As long as the sentence imposed by the trial court is not manifestly unreasonable, this Court will not impose a different sentence than that allowed by statute. Ind. Rules for the Appellate Review of Sentences, Rule 2. *See also Hall v. State* (1978), Ind., 371 N.E.2d 700. The penalty imposed in this case is clearly within statutory limits.

Having found no error, we affirm the judgment of the trial court.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

---

**2.** Gary's contention that the trial court erred in denying his motion for a directed verdict is fallacious. Where there is sufficient evidence to support a guilty verdict in a criminal proceeding, an earlier ruling of the trial court denying a motion for a directed verdict is proper. *Faught v. State* (1979), Ind., 390 N.E.2d 1011.

**3.** The Pre-Sentence Report does not appear in the record; it is the appellant's responsibility to insure a complete record. Due to the absence

of this report, it is difficult to determine whether or not an adequate basis for the sentence exists. We are guided, however, by the trial court's comments at sentencing as well as during the sentencing hearing. In both instances, the court referred repeatedly to details concerning Gary's extensive criminal record. We can only assume that the court considered such criminal activity as being aggravating factors in its imposition of the sentence.