Arthur JONES, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 882S91.

Supreme Court of Indiana.

Dec. 21, 1983.

John F. Davis, Mary Jane Humphrey, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

**HUNTER, Justice.**

The defendant, Arthur Jones, was convicted of burglary, a Class B felony, Ind. Code § 35–43–2–1 (Burns 1983 Supp.), and was sentenced to fourteen years imprisonment. The defendant raises six issues in this direct appeal:

1. Whether the trial court erred in not instructing the jury that criminal trespass was an included offense of burglary;

2. Whether the evidence was sufficient to establish that defendant had the necessary intent to commit a felony;

3. Whether the trial court erred in admitting certain photographic evidence;

4. Whether the trial court erred in admitting into evidence certain State exhibits;

5. Whether the trial court erred in permitting the State to amend the information by interlineation; and

6. Whether the length of the sentence was manifestly unreasonable.

The facts most favorable to the State show that the defendant and two others were driving in an automobile in Evansville on October 4, 1981. They stopped in front of the home of Kyle Sharum, and, after determining no one was home, pried open the back door. The defendant and one of his accomplices then ransacked the house. The police apprehended all three while they were still at the scene.

### I.

The defendant first contends the trial court erred when it refused to give defendant's tendered instruction number four, which stated:

"Included in the crime charged in the lesser crime of Criminal Trespass.

"The crime of criminal trespass is defined by statute as follows:

"A person who, (not having a contractual interest in the property), knowingly or intentionally enters the dwelling of another person without his consent, commits criminal trespass, a Class A misdemeanor.

"To convict the defendant, the State must have proved each of the following elements:

"The defendant:

"1. (not having a contractual interest in the property)

"2. knowingly or intentionally

"3. entered the dwelling of another person

"4. without his consent

"If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

"If the State did prove each of these elements beyond a reasonable doubt, (and the defendant did not have a contractual interest in the property), you should find the defendant guilty of Criminal Trespass, A Class A misdemeanor."

The defendant asserts that criminal trespass is a "lesser included" offense of burglary and that he therefore had a right to an instruction on the matter. In support of this argument the defendant cites *Jones v. State*, (1982) Ind., 438 N.E.2d 972. In *Jones*, we discussed the two-step approach outlined in *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208, to determine the propriety of an instruction on a lesser offense. The first step involves examining the statutes involved and the charging information to determine if the lesser offense is alleged to have been committed. If the State, through careful drafting of the information, chooses to not charge a lesser offense, the defendant is not entitled to an instruction on it. As we stated in *Jones v. State*, "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense." *Id.*, Ind., 438 N.E.2d at 975. Here, the information charged that the defendant

"did break and enter the building and structure occupied by Sharum Kyle [sic], situated at 629 E. Powell, in the City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure was the dwelling of said Sharum Kyle [sic], with the intent to commit a felony, to-wit: theft, all in violation of I.C. 35–43–2–1."

It is clear by the language of the information and by the reference to the burglary statute that the State intended to charge the defendant only with burglary. The information did not mention lack of contractual interest, which is a necessary element of the type of criminal trespass contained in the tendered instruction. See Ind.Code § 35–43–2–2(a)(5) (Burns 1979 Repl.). The State has absolute discretion to determine the crime with which the defendant will be charged. *Jones v. State.* Here they chose to rest their case entirely on the burglary charge.

The present issue is very similar to one raised in *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239. In *Goodpaster,* we were asked to determine whether criminal trespass was an included offense of Class A burglary. After holding that criminal trespass under Ind.Code § 35–43–2–2(a) (Burns 1979 Repl.) was not necessarily an *inherently* included offense of burglary, we held the defendant was not entitled to an instruction on criminal trespass, since the information only alleged burglary. Thus, we stated:

"The exclusion of these criminal trespass elements as allegations in the charging instrument reflects the State's desire in this case to prosecute only for burglary, and none of its possibly included offenses, and to 'avoid the opportunity for the jury to convict the defendant of a lesser offense in lieu of the crime charged.' *Roddy v. State, supra,* 394 N.E.2d [1098] at 1104."

*Goodpaster v. State,* Ind., 402 N.E.2d at 1243.

■ Here, as in *Goodpaster,* if the charging instrument alleged the defendant burglarized a dwelling in which he had no "contractual interest", the defendant would have been on notice that a conviction for criminal trespass was possible. In such a case, an instruction on criminal trespass would be appropriate. But the prosecutor chose to charge burglary only. The defendant could not, by way of instruction to the jury, inject the lesser charge of criminal trespass. Since the defendant has therefore failed to pass the first step of the *Lawrence* approach, it is unnecessary to determine whether the second step is satisfied, i.e. whether the evidence warrants the giving of the instruction. *Roddy v. State,* (1979) Ind.App. 394 N.E.2d 1098. Even so, we note that there was no evidence establishing any contractual relationship or interest by the defendant in the property. In fact, the defendant testified that he thought he was visiting one of his accomplice's residence. Thus, the evidence did not warrant the giving of the instruction, and it was properly refused.

II.

The defendant next contends the evidence was insufficient to establish all of the elements of burglary. Specifically, he alleges the State failed to prove intent to commit theft.

■ Under our standard of review for sufficiency of evidence issues, we will neither reweigh the evidence nor judge the credibility of witnesses. Instead, we look at the evidence most favorable to the State and all reasonable inferences drawn therefrom to determine whether there is substantial evidence of probative value to support the conclusion of the trier of fact. *Walker v. State,* (1982) Ind., 442 N.E.2d 696; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

The State needed to prove that the defendant (1) broke, (2) entered, (3) the dwelling of another, (4) with the intent to commit a felony, in order to establish an conviction for burglary. The defendant asserts that since nothing was missing from the premises, the State failed to prove the defendant intended to commit theft, as charged in the information.

The focus here is upon the intent of the defendant. This intent may be inferred from the time, force, and manner in which the entry was made. *Lisenko v. State*, (1976), 265 Ind. 488, 355 N.E.2d 841. Contrary to the defendant's assertion, a completed theft is not required for a conviction of burglary. The State was required only to prove the defendant *intended* to commit theft. The evidence here showed that the defendant pried open the back door of the house and then ransacked the interior. The defendant was found hiding in a closet when the police arrived, and jewelry belonging to the victims was found in a bag nearby. Also, property belonging to the victim was found on Ernest Johnson, a codefendant. The jury would reasonably infer from all of this that the defendant had the requisite intent to commit theft.

### III.

State's exhibits 9, 10 and 13 through 18 were admitted into evidence over the defendant's objections. All of these exhibits were photographs of the burglary scene and were taken by a police photographer, Robert Greenfield. The defendant now asserts that the State failed to establish a proper foundation for the introduction of the photographs.

Admission of photographic evidence is within the discretion of the trial court and the trial court's decision will not be disturbed unless he exceeded his discretion. *Bray v. State*, (1982) Ind., 430 N.E.2d 1162; *Wilson v. State*, (1978) 268 Ind. 112, 374 N.E.2d 45. The photograph must be established as a true and accurate representation of the things they are intended to portray. *Bray v. State; Johnson v. State*, (1972) 258 Ind. 648, 283 N.E.2d 532. Their relevancy is determined by whether a witness would be permitted to describe verbally that which the photograph depicts. *Bray v. State.*

Officer Greenfield testified that the photographs were taken by him and were of the crime scene. He stated that they accurately portrayed the condition of the location at the time he took the pictures. Although Officer Greenfield returned to the location almost three hours later to take additional pictures, he testified that only those pictures taken when he first arrived were being offered into evidence. An adequate foundation was established, and the trial judge did not exceed his discretion in allowing the pictures into evidence.

### IV.

The defendant contends the trial court erred in admitting certain physical evidence. He asserts that a knife, a pair of scissors, a hunting knife, and two wristwatches were inadmissible because the State failed to provide a proper foundation. The defendant basically contends there was no showing that the items were relevant to show burglary.

Each of these exhibits was properly admitted. All were found on or near the defendant when the police arrived. The watches and the scissors were found on the co-defendant even though the victim testified that they belonged to him. The two knives, one found on the co-defendant and the other near the pry bar, were relevant as possible tools or weapons used in the burglary. *Parks v. State*, (1979) 270 Ind. 689, 389 N.E.2d 286. There was no error.

### V.

At the beginning of the trial, the court allowed the State to amend the information by interlineation. The State sought to do so because the victim's name, Kyle Sharum, was incorrectly transposed to read Sharum Kyle. The defendant alleges he was prejudiced by the trial court's decision to allow the amendment.

An information may be amended if the defect is not material and if the defect would not substantially prejudice the defendant's rights. Ind.Code § 35–3.1–1–5(a)(9) and (c) (Burns 1979 Repl.); *Humphrey v. State*, (1978) 268 Ind. 597, 377 N.E.2d 631. The change here was one of form and not of substance: the State was only correcting a transposed name, not adding a new or different one. The amendment did not affect the availability of any

defense or the applicability of any evidence. *See Humphrey v. State.* Further, there is no showing that the defendant was prejudiced by the defect. The information set out the correct address of Kyle Sharum, and the reverse side of the information correctly identified the victim. The correct name was also given on the witness list and on discovery provided to the defendant. The trial judge did not err in allowing the amendment.

## VI.

 The defendant's final contention is that the trial court erred in adding four years to the presumptive sentence. Under Ind.R.App.Rev.Sen. 2, we cannot revise a sentence unless it is manifestly unreasonable, and a sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender.

The presumptive sentence for Class B burglary is ten years, to which up to ten years can be added for aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.). The trial judge, in his sentencing order, stated that the

> "Court finds that aggravating circumstances are as follows: the defendant was convicted of robbery in 1975 and sentenced to 10 to 25 years; that the defendant was convicted of operating a motor vehicle while intoxicated in 1980 and was sentenced to 180 days, said sentence was suspended. Court finds no mitigating circumstances and finds that the aggravating circumstances outweigh the mitigating circumstances."

The trial judge thus considered the past record of the defendant and found this to be an aggravating circumstance. We cannot say that the decision to add four years to the presumptive sentence was manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.