**Jeffrey PARKS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 485S138.

Supreme Court of Indiana.

March 5, 1986.

Robert F. Hellman, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Parks was convicted at the conclusion of a jury trial in the Vigo Superior Court of two (2) counts of criminal confinement, a class B felony. The trial court found that aggravating factors existed and imposed a twelve (12) year sentence on each count to be served consecutively, for a total sentence of twenty-four (24) years. On direct appeal the issue is raised for us to consider whether this sentence twice punishes Appellant for the same offense.

At 3:30 a.m. on June 10, 1984, Virginia Young-White and Shirley R. Anderson were leaving the establishment where White had performed that night. Appellant forced them into their car at knifepoint, and demanded they drive away. He inflicted a wound to White's throat. Appellant ordered them to stop the car at an empty parking lot, took the keys, and got out of the car. White and Anderson locked Appellant out of the car and escaped, using a spare key for the car. Appellant was convicted and sentenced on two (2) counts of confinement while armed.

A defendant has no constitutional right to have sentences run concurrently. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419, 428. Despite Appellant's contentions

to the contrary, the present sentence does not constitute double jeopardy since the two counts of which he was convicted were not the same offense. We specifically rejected Appellant's arguments in *Bish v. State* (1981), Ind., 421 N.E.2d 608, 614, *reh. denied* (1981) and *Elmore v. State* (1978), 269 Ind. 532, 539, 382 N.E.2d 893, 897, where we held:

"The focus of a proper double jeopardy analysis must be on whether or not the offenses to be prosecuted and punished are the same, and *not whether the offenses spring from the same act or operative circumstances ....* The ultimate focus is on the identity of the offenses, not on the identity of their source."

The ultimate issue in these cases is whether each count charged requires proof of an additional fact which the other does not. *Blockburger v. United States* (1934), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309; *Bish,* Ind., 421 N.E.2d at 614; *Elmore,* 269 Ind. at 534, 382 N.E.2d at 895. If this test is satisfied, the prohibition of double jeopardy is not violated, even if there is a substantial overlap in the evidence to prove both offenses. *Bish,* Ind., 421 N.E.2d at 614. In the present case the State was required, for each count, to prove an additional fact which the other count did not require, namely, the identity of each victim.

Ind.Code § 35–42–3–3 imposes liability on a defendant who confines another person. Here, each victim was confined and removed under the threat of harm by Appellant while he was armed.

This case is unlike *Williams v. State* (1979), 271 Ind. 656, 669, 395 N.E.2d 239, 248, 249, where we held the taking of a bank's money from four different tellers in one bank constituted one robbery. Our holding there was based on the fact that it was the bank, one entity, being robbed of its assets as opposed to the tellers being robbed. The present case is closer to *Howard v. State* (1984), Ind., 459 N.E.2d 29. In *Howard* we held where a defendant takes property from two people who own property, two separate robberies have occurred even if they are part of the same transaction or series of events. *Id.* 459 N.E.2d at 32.

The trial court's imposition of consecutive sentences did not punish Appellant twice for the same offense; rather, Appellant was punished for the commission of two separate offenses.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.