Reginald BLANTON, (a/k/a Venita Blanton) Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8712–CR–518.

Court of Appeals of Indiana, Second District.

Jan. 31, 1989.

Carolyn W. Rader, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Reginald Blanton, a/k/a Venita Blanton, appeals his convictions for Prostitution as a Class D felony and for Public Indecency, as a Class A misdemeanor.[1] Because of two

---

1. Indiana Code 35–45–4–2 (Burns Code Ed.Repl. 1985) provides as follows:
   "A person who knowingly or intentionally:
   (1) Performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct; or
   (2) Fondles, or offers or agrees to fondle, the genitals of another person;
   for money or other property commits prostitution, a class A misdemeanor. However, the offense is a class D felony if the person has two [2] prior convictions under this section."
   Indiana Code 35–45–4–1(a) (Burns Code Ed. Repl.1985) provides in pertinent part:
   "A person who knowingly or intentionally, in a public place:

prior convictions for prostitution, the act of prostitution was a Class D felony for which Blanton was sentenced for a term of four years. He received a one-year sentence upon the misdemeanor conviction to be served concurrently.

■ Blanton attacks the Class D felony sentence as excessive claiming that prior sex offenses, regardless of number, should not be permitted to constitute the offense, a Class D felony, and *as well* to enhance the Class D felony sentence from two to four years. What would otherwise have been a Class A misdemeanor became a Class D felony because Blanton had two prior prostitution convictions.

Enhancement of the two-year presumptive sentence for the Class D felony to a four-year sentence was the result of other aggravating circumstances. He had at least three other prior prostitution convictions in addition to the two used to elevate the offense to a Class D felony. Additionally, he had convictions for offenses ranging from Forgery to Disorderly Conduct, to Fleeing, to No Operator's License. In sentencing the defendant the trial court also observed that Blanton was likely to commit prostitution again in the future. These factors justify the four-year enhanced sentence. *Jones v. State* (1983) Ind., 456 N.E. 2d 1025; *Gary v. State* (1980) 3d Dist.Ind. App., 400 N.E.2d 215.

■ Notwithstanding our rejection of Blanton's argument concerning sentence enhancement, we are compelled to note that the conviction for the public indecency offense must be set aside.

The only act which could arguably constitute Public Indecency was the very act of fellatio which was the basis of the prostitution charge. To be sure, the public inde-cency charge was couched in terms of "FELLATIO fondle the genitals...." Record at 4. Nevertheless the same allegation of fellatio constitutes the gravamen of each charge and there was no evidence of fondling other than of the act of fellatio itself. It was improper to sentence upon both convictions. *Ellis v. State* (1988) Ind., 528 N.E.2d 60.

In this regard it is necessary to observe that the *Blockburger* test, relied upon by Judge Buchanan's dissent, is not the sole criterion by which to assess multiple punishment—double jeopardy considerations in cases such as this. *Ellis v. State, supra; Hall v. State* (1986) Ind., 493 N.E.2d 433.

We reverse the conviction for Public Indecency and order that it be set aside. We affirm the conviction and the sentence imposed upon the Class D felony.

ROBERTSON, J., concurs.

BUCHANAN, J., dissents with separate opinion.

BUCHANAN, Judge, dissenting.

Again we consider whether Double Jeopardy is a decisive factor in a single criminal trial involving multiple convictions. It is my conclusion that Double Jeopardy does not bar Blanton's convictions for prostitution and public indecency.

In *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, Justice Rehnquist observed that:

"In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Be-

---

\*    \*    \*    \*    \*    \*
(2) Engages in deviate sexual conduct;
\*    \*    \*    \*    \*    \*
(4) Fondles the genitals of himself or another person;
commits public indecency, a class A misdemeanor."
The prostitution charge against Blanton was as follows:
"[Blanton] did unlawfully and knowingly perform with RICHARD A. JOHNSON an act of Deviate Sexual Conduct, to-wit: FELLATIO for property, to-wit: $15.00 FIFTEEN DOLLARS in United States Currency...." Record at 4.
The public indecency count charged that:
"[Blanton] did unlawfully and knowingly, in a public place, to-wit: 1500 NORTH CARROLTON engage in Deviate Sexual Conduct, to-wit: FELLATIO fondle the genitals of RICHARD A. JOHNSON...." Record at 4.

cause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."

*Id.* 467 U.S. at 499, 104 S.Ct. at 2540 (citations omitted). In *Missouri v. Hunter* (1983), 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed. 2d 535, the Supreme Court developed the same theme when it held that in the context of multiple punishments imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* 459 U.S. at 366, 103 S.Ct. at 678. In light of legislative intent to impose multiple punishments for the use of a weapon in the perpetration of a felony, the Court reinstated convictions for first degree robbery and for armed criminal action, even though the convictions constituted the "same offense" under traditional analysis. *Id.*

In the absence of legislative intent to the contrary, it must be presumed that the legislature did not intend to permit multiple punishments for the *same offense*. *Id.* It thus becomes essential to determine whether two statutes proscribe the same offense. For the purpose of discerning whether two statutes proscribe the same offense, we are inevitably led to the *Blockburger* test. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, *cited in Missouri v. Hunter, supra.* The *Blockburger* test bears repeating:

"Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182. In this context, the Blockburger test is a rule of statutory construction. *Albernaz v. United States* (1981), 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275. As Justice Rehnquist has observed, "the *Blockburger* test itself could be viewed as nothing but a rough proxy for such analysis [of legislative history], since, by asking whether two separate statutes each include an element the other does not, a court is really asking whether the legislature manifested an intention to serve two different interests in enacting the two statutes." *Whalen v. United States* (1980), 445 U.S. 684, 713–14, 100 S.Ct. 1432, 1449, 63 L.Ed. 2d 715 (Rehnquist, J., dissenting).

In the present case, Blanton was convicted of both prostitution, a class D felony, and public indecency, a class A misdemeanor, for a single, public act of fellatio performed on a paying customer. Blanton's two convictions for a single act thus invite inquiry regarding whether the legislature intended to permit multiple punishments. No other legislative policy appearing, we can only apply the *Blockburger* test.

Blanton's actions violate two statutes, both of which require proof of an additional element. Blanton knowingly performed an act of deviate sexual conduct, i.e., fellatio, for *money*, thus supplying the evidentiary elements of prostitution. IC 35–45–4–2 (here elevated to a class D felony for prior prostitution convictions). The same act of deviate sexual conduct was performed *in a public place*, thus satisfying the separate requirements of public indecency. IC 35–45–4–1. The payment of money was not a fact required for proof of public indecency, nor was the public nature of the sexual act required in order to prove prostitution. The conclusion seems inescapable that, under the *Blockburger* test, the two crimes did not constitute the "same offense," and the multiple punishments imposed here are not prohibited by the Double Jeopardy Clause. There *is* an additional element for each of the charged offenses.

I fail to see how this court can ignore the clear import of *Blockburger* and *Missouri v. Hunter.* We are bound by these decisions. Both convictions should be affirmed.