**Mark DELAHANTY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 84A05–9412–CR–480.

Court of Appeals of Indiana.

Dec. 14, 1995.

**OPINION**

STATON, Judge.

In a bifurcated proceeding, a jury convicted Mark Delahanty ("Delahanty") of two counts of battery, a class D felony,[1] and one count of sexual battery, a class D felony.[2] On appeal, Delahanty presents two (restated) issues:

I.  Whether the State presented sufficient evidence of bodily injury to support Delahanty's battery conviction.

II. Whether Delahanty's convictions for battery and sexual battery arising out of the same incident violate double jeopardy.

We affirm.

The facts most favorable to the verdicts reveal that on July 31, 1993, Delahanty argued with his wife, Mary Montgomery Delahanty ("Montgomery"). During the course of the argument, Delahanty struck Montgomery with a glass filled with ice water. He then pinned her to the bed and held a knife against her throat, causing a red mark and bruises. During an argument on August 4, 1993, Delahanty threw Montgomery across the bed, wedging her body between the bed and the nightstand. Thereafter, he forced her to have sexual intercourse with him. During the attack, Montgomery sustained bruises on her arms, legs and torso, and scratches on her breast. Delahanty was subsequently arrested and charged with two counts of battery and two counts of sexual battery. The jury returned a verdict of not guilty on the sexual battery count stemming from the July 31, 1993 incident; he was convicted on all remaining counts. This appeal ensued.

Jessie A. Cook, Hellmann & Cook, Terre Haute, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

1.  IND.CODE § 35–42–2–1(a)(2)(D). During the first part of his trial, Delahanty was actually convicted of battery causing bodily injury as a class A misdemeanor. IND.CODE § 35–42–2–1(1). In the second phase, his conviction was elevated to a class D felony based on a prior battery conviction involving the same victim.

2.  IND.CODE § 35–42–4–8 (1993).

**I.**

*Sufficiency of Evidence*

Delahanty challenges the sufficiency of the evidence to support his battery conviction arising out of the July 31, 1993

incident. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

In pertinent part, battery is defined by statute as follows:

A person who knowingly or intentionally touches another person in a rude, insolent or angry manner commits battery . . .

\* \* \* \* \* \*

(2) a Class D felony if it results in bodily injury to:

\* \* \* \* \* \*

(D) the other person and the person who commits the battery was previously convicted of a battery in which the victim was the other person.

IC 35–42–2–1(a)(2)(D). Delahanty argues that because the State failed to present evidence that Montgomery was injured as a result of his conduct, his class D felony conviction is unsupported by the record. We disagree.

Bodily injury is "any impairment of physical condition, including physical pain." IND. CODE § 35–41–1–4 (1993). Montgomery testified that during the July 31, 1993 incident, Delahanty pinned her to the bed, held her down and pressed a knife against her throat. She did not testify that she suffered physical pain; however, she stated that during the attack she sustained bruises and a red mark on her throat.[3] This is sufficient evidence of physical impairment to support his conviction. *See Hanic v. State* (1980), Ind.App., 406 N.E.2d 335, 337–338 (evidence of scratches and bruises sufficient to support a conviction for battery causing bodily injury). We find no error here.

## II.

### *Double Jeopardy*

■ Delahanty's second battery conviction and his sexual battery conviction stemmed from the August 4, 1993 incident. Delahanty argues that his conviction of both charges violates double jeopardy, because under the circumstances, battery is an included offense of sexual battery.

■ Two offenses are the same for double jeopardy purposes when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Jackson v. State* (1993), Ind., 625 N.E.2d 1219, 1221 (citing *Blockburger v. U.S.* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306). An offense is an included offense if it "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." IND. CODE § 35–41–1–16 (1993).

■ In this case, it is clear that each charged crime contains an element that the other does not. Class D felony battery requires that bodily injury result. IC 35–42–2–1(a)(2). Sexual battery requires proof of touching by force or imminent threat of force with "intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person." IC 35–42–4–8. Each statutory provision requires proof of an additional fact; thus, they are not the same for double jeopardy purposes.

■ Our analysis does not end with a comparison of the relevant statutory elements. Instead, the factual bases alleged by the State in the charging instrument, and upon which the charges are predicated, must also be examined. *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506–507.

Delahanty argues that the only conduct involved in Counts 3 and 4 of the information was the forced sexual intercourse on which the sexual battery charge was based. Accordingly, the information alleged no sepa-

---

**3.** In his reply brief, Delahanty states that Montgomery's testimony regarding bruises pertained only to the August 4, 1993 incident. A careful review of the record reveals otherwise. Montgomery specifically stated that she sustained bruises as a result of the July 31, 1993 incident at issue. Record, pp. 412, 487.

rate injurious conduct on which to predicate a battery charge, and double jeopardy is implicated. We disagree.

The focal point of double jeopardy analysis is whether the charged offenses are the same, not whether the offenses sprung from the same act or operative circumstances. *Butler v. State* (1993), Ind.App., 622 N.E.2d 1035, 1039, *trans. denied* (citing *Parks v. State* (1986), Ind., 489 N.E.2d 515, 516). In this case, the charging information contains the date of the offenses, the name of the victim, and general statutory language; neither charge contains specific allegations of harm or injury to the victim.[4] While it is true that Delahanty's battery and sexual battery convictions arose from the same operative circumstances, a separate factual basis for each charge is discernable from the record. During the attack, Montgomery sustained scratches and bruises on her left breast and torso, as well as bruises on her arms and legs. Those injuries formed the basis for Delahanty's battery conviction, and were distinct from Montgomery's forced submission to sexual intercourse, which formed the basis for Delahanty's sexual battery conviction. Because the offenses as charged were not the same, and battery causing bodily injury is not a necessarily or inherently included offense of sexual battery, Delahanty's convictions for both offenses do not violate double jeopardy.

Affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur as to Part I which affirms the battery conviction arising out of the July 31, 1993 incident. I dissent, however, from Part II of the opinion which affirms both the battery and the sexual battery convictions for the August 4, 1993 occurrence.

The touching which constituted the battery under Count 4 was the same touching which constituted the sexual battery alleged in Count 3. Multiple convictions are not permitted under such circumstances. *Stwalley v. State* (1989) Ind., 534 N.E.2d 229, *reh'g denied; Ellis v. State* (1988) Ind., 528 N.E.2d 60; *Acuna v. State* (1991) Ind.App., 581 N.E.2d 961; *Lane v. State* (1989) Ind.App., 539 N.E.2d 488; *Blanton v. State* (1989) Ind. App., 533 N.E.2d 190. *See also Starks v. State* (1991) Ind.App., 565 N.E.2d 1142, *trans. denied.*

I would reverse as to the two convictions for the August 4, 1993 incident and would remand with instructions to vacate one of those convictions.

4. The charging information in this case alleged in relevant part:

Count 3
... [O]n or about August 4, 1993 ... Mark D. Delahanty did then and there, with intent to arouse or satisfy his own sexual desires, knowingly touch Mary Delahanty when the said Mary Delahanty was compelled to submit to touching by force or imminent threat of force....

Count 4
... [O]n or about August 4, 1993 ... Mark D. Delahanty did then and there knowingly touch Mary Delahanty in a rude manner, which touching resulted in bodily injury to the said Mary Delahanty....
Record, p. 4.