Anthony W. SMITH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9510–CR–589.

Court of Appeals of Indiana.

Oct. 18, 1996.

Robert C. Perry, Indianapolis, for Appellant-Defendant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

KIRSCH, Judge.

A jury convicted Anthony Wayne Smith of one count of burglary[1] as a Class B felony, one count of robbery[2] as a Class B felony, one count of carrying a handgun without a license[3] as a Class A misdemeanor, and found him to be an habitual offender.[4] On appeal, he claims that the trial court violated the prohibition against double jeopardy by convicting him of both the burglary and robbery offenses.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 16, 1994, Anthony Wayne Smith knocked on the door of eighty-year-old Peerles Miller; Miller answered. Although Miller did not know Smith, he recognized Smith as a frequent visitor of Miller's neighbor. Therefore, when Smith asked Miller if

he could use his telephone, Miller allowed him to do so; and, when Smith asked Miller if he could have something to eat, Miller made Smith a sandwich. After Smith finished his sandwich, Miller asked Smith to leave so that Miller could run some errands. Smith then followed Miller out of the house, and Miller locked his front door.

Miller returned to his home approximately two hours later and found that his front door had been kicked in. Miller entered his home and, upon hearing a noise, proceeded upstairs. When he entered his bedroom, Miller discovered that it had been ransacked, and found Smith leaning into the bedroom closet. Smith emerged from the closet clutching a handgun and pointed the gun at Miller. A frightened Miller ran down the stairs, grabbed the telephone, and attempted to call 911. However, Smith followed Miller, pointed the gun directly at Miller, and demanded that Miller put down the telephone. Miller complied, and Smith fled the house with the gun.

After Smith fled, Miller called the police. When the police arrived, they examined the scene of the incident and discovered a brown paper bag that Miller stated did not belong to him. Upon opening the bag, one of the officers found, among other things, a picture I.D. and some paperwork bearing the name of Anthony Wayne Smith. The next day, Smith was arrested. The officers conducting the arrest found Miller's handgun on Smith's person, as well as Miller's Metro bus I.D.

After his arrest, Smith was charged by information with one count each of burglary, robbery, and carrying a handgun without a license. Following a jury trial, Smith was found guilty of all counts, and in the second phase of the trial was found to be an habitual offender.

## DISCUSSION AND DECISION

Smith argues that the trial court violated the prohibition against double jeopardy by convicting him for both the burglary and robbery offenses. Specifically, Smith main-

---

1. *See* IC 35–43–2–1.

2. *See* IC 35–42–5–1.

3. *See* IC 35–47–2–1.

4. *See* IC 35–50–2–8.

tains that the State used the same action, exerting unauthorized control of Miller's handgun, to support both offenses.

A defendant's right not to be put twice in jeopardy for the same offense arises from the Constitution of the United States and the Indiana Constitution.[5] The concept of double jeopardy embraces prohibitions against successive prosecution and multiple punishment for the same offense. *Mehidal v. State,* 623 N.E.2d 428, 434 (Ind.Ct.App. 1993). Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State,* 560 N.E.2d 496, 506 (Ind.1990). However, double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions. *Id.* Rather, the factual bases alleged by the State in the information or indictment and upon which the charges are predicated must also be examined. *Id.*

In this case, it is clear that each of Smith's charged offenses contains an element that the other does not. IC 35–43–2–1 defines burglary as (1) breaking and entering (2) a building or structure of another person (3) with the intent to commit a felony therein. One commits robbery when he or she knowingly or intentionally takes property from another person or the presence of another person (1) by using or threatening to use force on the person; or (2) by putting that person in fear. IC 35–42–5–1. Burglary requires proof of a breaking and entering with the intent to commit a felony therein. Robbery requires the unlawful taking of property from another by force or by putting in fear. Thus each statutory provision requires proof of an additional fact; burglary and robbery are separate offenses and are not the same for double jeopardy purposes.

Our analysis, however, does not end with a comparison of the relevant statutory elements. The factual bases alleged by the State in the charging informations and upon which the charges were predicated must also

be examined. *Delahanty v. State,* 658 N.E.2d 660, 662 (Ind.Ct.App.1995).

The information charging burglary stated that Smith "did break and enter the building or structure, and dwelling of Peerles Miller, ... with the intent to commit the felony of Theft therein; that is, with intent to knowingly exert unauthorized control over the property of Peerles Miller, with intent to deprive Peerles Miller of any part of its value or use[.]" *Record* at 16. The information charging robbery stated that Smith "did knowingly, while armed with a deadly weapon, that is: a handgun, take from the person or presence of Peerles Miller property, that is: a handgun, by putting Peerles Miller in fear or by using or threatening the use of force on Peerles Miller[.]" *Id.* According to Smith, the trial court committed error when it allowed the State to use Smith's theft of the handgun to prove the burglary count, as well as the robbery count. We disagree.

Here, the State charged Smith with burglary, to-wit: breaking and entering Miller's home with the intent to commit theft by exerting unauthorized control over Miller's property. The State also charged Smith with robbery, to-wit: taking a handgun from the presence of Miller by putting Miller in fear and while armed with a deadly weapon. The charging informations clearly establish that the State used the taking of Miller's handgun to support both offenses. However, proof of Smith's burglary did not require proof of theft or of any other specific felony. IC 35–43–2–1; *Jones v. State,* 519 N.E.2d 1233, 1235 (Ind.1988). Furthermore, to obtain a conviction for burglary, it was not necessary for the State to prove that Smith committed theft or any other felony because the burglary was completed upon Smith's breaking and entering with intent to commit a felony. *See Moffatt v. State,* 542 N.E.2d 971, 975 (Ind.1989).

The requisite intent to commit a felony typically can be inferred from the subsequent conduct of the individual inside the

5. "No person shall be put in jeopardy twice for the same offense." Ind. Const., Art. 1, § 14. The Fifth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, provides, "[N]or shall any person be subject for the same offense to be twice put in jeopardy."

premises or by the manner in which the crime was committed. *Weemes v. State,* 637 N.E.2d 832, 835 (Ind.Ct.App.1994). In the instant case, Smith entered Miller's locked home and ransacked Miller's bedroom. Upon being discovered, Smith emerged from Miller's closet, brandished Miller's handgun, and fled with the handgun.

The State used the exertion of unauthorized control over Miller's property to show Smith's intent to commit theft while breaking and entering Miller's home (burglary) and to prove his robbery count. However, Smith's intent to commit the felony of theft could be inferred from his conduct inside Miller's home. Thus, proof of the theft, as contained in the State's information charging Smith with burglary, was mere evidence showing Smith's intent to commit theft. It was not required to plead or prove an element of burglary. *See Jones v. State,* 519 N.E.2d at 1235.

Because the State was not required to prove theft to support the burglary charge, the State was free to use Smith's taking of Miller's handgun to support his robbery charge. Therefore, the trial court committed no error in allowing the State to use Smith's theft of the handgun to prove both burglary and robbery, and it was not a violation of the double jeopardy clause to convict and sentence Smith for both offenses.

Affirmed.

FRIEDLANDER and DARDEN, JJ., concur.