**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| XXAVIER JONES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1207-CR-622 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT NO. 2
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1106-FB-18

**May 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant Xxavier Jones pleaded guilty to three counts of Robbery[1] as class B felonies for robbing three different bank tellers at a credit union. The money that Jones took was the credit union's property. Under the "single larceny rule," there was only one offense. Although the trial court entered judgments of conviction and sentences on all three counts of robbery, only one conviction should have been entered and only one sentence should have been imposed because only one offense of robbery was committed under the single larceny rule. However, we agree with the trial court's determination that two acts of confinement were committed because Jones's conduct involved different victims who were customers at the credit union. Accordingly, we affirm in part, reverse in part, and remand to the trial court with instructions to vacate two of the robbery convictions and sentences and resentence Jones on only one count of robbery.[2]

## FACTS

On May 24, 2011, Jones and Christopher Whirl[3] entered the Purdue Employees Federal Credit Union (PCU) in Lafayette brandishing guns and wearing masks and hooded sweatshirts. The men barged into the offices of loan officer Shelby Miller and credit union manager Megan Brown, pointed guns at the women, and ordered them to the

---

[1] Ind. Code § 35-42-5-1.

[2] Although Jones also contends that the trial court erred in sentencing him, we need not address this issue in light of our vacation of the two robbery convictions and the determination that he must be resentenced.

[3] A different panel of this court decided Whirl's appeal in an unpublished memorandum decision earlier this year. Whirl v. State, No. 79A02-1206-CR-516 (Ind. Ct. App. March 15, 2013).

credit union's lobby area.  One of the men pointed his gun at other individuals inside the credit union and ordered customers Robert Staley and Michael Preuss to toss their wallets on the ground.  Neither Whirl nor Jones took the wallets.  At the same time, the other man pointed his gun at cashiers Maribella Ortiz, Megan Shoaf, and Sarah Roussarie, and took cash belonging to PCU.   Both Whirl and Jones ran from PCU and fled in Whirl's vehicle.

Jones was subsequently arrested and charged with the following offenses on September 1, 2011:

> Count 1 -Conspiracy to Commit Robbery, a Class B felony;
> Count 2 -Robbery of credit union cashier Ortiz while armed with a deadly weapon, a Class B felony;
> Count 3 -Robbery of credit union cashier Shoaf while armed with a deadly weapon, a Class B felony;
> Count 4 -Robbery of credit union cashier Roussarie while armed with a deadly weapon, a Class B Felony;
> Count 5 -Theft, a Class D felony;
> Count 6-Criminal confinement of credit union cashier Ortiz while armed with a deadly weapon, a ClassB felony.
> Count 7 -Criminal confinement of credit union cashier Shoaf while armed with a deadly weapon, a Class B felony;
> Count 8 -Criminal confinement of credit union cashier Roussarie while armed with a deadly weapon, a Class B felony;
> Count 9 -Criminal confinement of loan officer Miller while armed with a deadly weapon, a Class B felony;
> Count 10 -Criminal confinement of credit union manager Brown while armed with a deadly weapon, a Class B felony;
> Count 11 -Criminal confinement of customer Preuss while armed with a deadly weapon, a Class B felony;
> Count 12 -Criminal confinement of customer Staley while armed with a deadly weapon, a Class B felony.

On May 4, 2012, Jones pleaded guilty to all Counts without a plea agreement. On June 28, 2012, the trial court sentenced Jones to an aggregate term of thirty-years of incarceration in the Department of Correction (DOC). Specifically, Jones was sentenced to fifteen years for each robbery conviction that was charged in Counts II, III, and IV, and to three years on the theft offense under Count V, which were all to run concurrently with each other. The trial court merged the convictions in Counts I (conspiracy), and VI-X (confinement of bank employees), with the robberies and theft under Counts II through V. The trial court then sentenced Jones to fifteen years each on Counts XI and XII, which involved the confinement of the two bank customers, and ordered those sentences to run concurrently with each other, but consecutive to the robbery charged in Count II. Jones now appeals.

DISCUSSION AND DECISION

Jones argues that his convictions for robbery and criminal confinement violate the constitutional ban against double jeopardy. Specifically, Jones contends that a double jeopardy violation occurred when the trial court convicted him of three counts of robbery and two counts of confining the customers. Jones maintains that there can be but one conviction and punishment and that the two confinement convictions must be merged into a single count of robbery. As a result, Jones contends that the thirty-year sentence must be vacated and that he should be resentenced only on one robbery conviction.

Indiana's Double Jeopardy Clause, found in Article 1, Section 14 of the Indiana Constitution, "was intended to prevent the State from being able to proceed against a

4

person twice for the same criminal transgression." Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999). Two or more offenses are the "same offense" in violation of the Double Jeopardy Clause, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Id.

Under the "actual evidence" test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. Id. at 53. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish all of the essential elements of a second challenged offense. Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002). To determine what facts were used, we consider the evidence, charging information, final jury instructions, and arguments of counsel. Rutherford v. State, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007).

In this case, the evidence demonstrates that Jones and Whirl robbed the bank cashiers while confining them, yet they engaged in a separate act of confining the customers. More particularly, the State's information set forth in Counts XI and XII and the evidence presented at trial asserted and demonstrated that Jones "knowingly or intentionally confined . . . Brown [and Preuss] without [their] consent or removed [them] by force or threat of force from one place to another, while armed with a deadly weapon." Tr. p. 25-26. The acts of confinement that involved the two bank customers were not the

5

same offense because there were separate victims.  See Parks v. State, 489 N.E.2d 515, 516 (Ind.1986) (holding that confinement convictions do not violate double jeopardy where there are multiple victims).  Thus the confinement convictions and sentences on those two offenses may stand.

On the other hand, as noted above, Jones pleaded guilty to committing three counts of robbery as class B felonies when the evidence demonstrated that he robbed three different bank tellers.  However, under the "single larceny rule," there was only one offense.  See Taylor v. State,  879 N.E.2d 1198, 1204 (Ind. Ct. App. 2008).  In accordance with this rule, when several articles of property are taken at the same time, from the same place, belonging to several persons or the same person, there is but one larceny or offense.  Id.  The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design.  Id. Therefore, if only one offense has been committed, there may be only one judgment and one sentence.  Benberry v. State,742 N.E.2d 532, 536 (Ind. Ct. App. 2001).  Here, only one robbery was committed because Jones took PCU's money at the same time from the same place.  Accordingly, we remand this case to the trial court with instructions to vacate two of Jones's robbery convictions and sentences and resentence Jones on only one count of robbery.

The judgment of the trial court is affirmed in part, reversed in part, and remanded.

MAY, J., and MATHIAS, J., concur.