**Carl LOWE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8708–CR–775.**

Supreme Court of Indiana.

March 8, 1989.

William L. Soards, Soards, Carroll & Fruechtenicht, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Child Molesting Involving Deviate Conduct, a Class C felony, for which he received a sentence of five (5) years; Child Molesting Involving Fondling and Touching with Intent to Gratify Sexual Desire, a Class D felony, for which he received a sentence of two (2) years, enhanced by thirty (30) years by reason of his status as an habitual offender; Incest, a Class D felony, for which he received a sentence of two (2) years, all sentences to be served concurrently.

The facts are: Appellant is the victim's stepfather. On June 18, 1986, while appellant's wife was away from the home, appellant got in bed with his 13–year–old stepdaughter and placed his penis in her mouth. He also fondled her breasts and rubbed his penis between her legs. On June 20, 1986, the victim revealed these sex acts to her mother. She also told her mother that appellant had been engaging in these sexual activities with her for two years. She testified that she never told anyone about the incidents because she had heard appellant threaten her mother, and she was afraid he would kill her mother if she told what was happening.

Appellant testified the allegations were untrue and in his opinion were brought about by reason of domestic problems between him and his wife and his wife's family's dislike for him.

■ Appellant contends the trial court's finding is not sustained by sufficient evidence. Appellant claims the State's entire case was based upon testimony given by the victim and that there was no medical evidence of any type to support her allega-tions. Appellant points to some inconsistencies between a statement given by the victim to the police and her testimony at trial. However, when one considers that the victim was a 13–year–old girl, who was being cross-examined by a veteran defense lawyer, it is not surprising that she became confused at times while testifying. When her testimony is examined in its entirety, it presents a believable story of longtime sexual abuse by her stepfather.

It was the prerogative of the trial judge to observe the demeanor of the witness to determine her credibility and the plausibility of her testimony. This Court will not invade the trial court's province in such determinations. *Head v. State* (1988), Ind., 519 N.E.2d 151. Even though the victim was a minor and her testimony was uncorroborated, such evidence is sufficient to sustain a conviction. *Robinson v. State* (1983), Ind., 446 N.E.2d 1287. The evidence in this record is sufficient to sustain the trial judge's findings.

■ Appellant claims the trial court erred in overruling his motion for a psychiatric examination of the 13–year–old victim. Appellant acknowledges that this Court has held that a defendant on trial for a sex offense has no right to subject the victim to a psychiatric examination, citing *Solomon v. State* (1982), Ind., 439 N.E.2d 570. However, appellant claims that the case at bar should be an exception in that the motion which was signed by appellant's trial counsel, although conceding the counsel was not a psychiatrist, nevertheless proceeded to draw the conclusion, based upon his taking of the victim's deposition, that he had cause to believe the "victim is a paranoid maladjusted person suffering from Psycho Motor Retardation (slowing of the mental processes) and that she also suffers from Karsokov Syndrome (loss of memory of recent events); furthermore, said victim, [A.C.], testified that she is 13 years of age and that she flunked 2 classes at school, and she is now in the 6th grade."

In *Solomon*, this Court recognized that in *Easterday v. State* (1970), 254 Ind. 13, 256 N.E.2d 901 this Court had reversed a

conviction where it found that a trial judge abused his discretion by denying a motion for a psychiatric examination of a prosecuting witness. However, in *Easterday*, the prosecuting witness was a 10–year–old girl who had a history of implicating men in acts of sexual misconduct and who previously had been known to fabricate stories of sexual incidents. Such is not the situation in the case at bar. There is nothing in this record to substantiate the conclusions drawn by counsel in his motion for psychiatric examination. The trial judge had the opportunity to observe the victim both before and during trial where she endured lengthy direct and cross-examinations. There is nothing in this record to indicate the trial judge abused his discretion in refusing to permit the psychiatric examination.

 Appellant claims that newly discovered evidence produced in his belated motion to correct error should have resulted in a new trial. The newly discovered evidence consisted of affidavits made by Karen Sue Janek and Rivonda Carter. In her affidavit, Janek claimed that during the trial she heard the grandmother and mother coaching the victim as to what to say to the judge when she was called as a witness.

She also stated that during the trial, while in the ladies' rest room, she overheard the victim's grandmother and aunt telling the victim's mother what each had testified to as a witness. She also testified that the girl's mother told Janek's girlfriend an entirely different story than she related on the witness stand.

The affidavit of Carter recites some of the marital difficulties she observed between appellant and his wife in conversation she overheard concerning the victim's claim of molestations. We see nothing in Carter's affidavit that introduces any new element into the case.

As to Janek's affidavit concerning the violation of the separation of witnesses, this Court has held that it is discretionary with the trial court to allow a witness to testify notwithstanding a violation of the separation order. *Wardlaw v. State*

(1985), Ind., 483 N.E.2d 454. The Court went on to say, "This court will not disturb the trial court's exercise of discretion unless there is a showing of prejudice tantamount to an abuse of discretion." *Id.* at 456.

In the case at bar, we can see no abuse of discretion. There is no evidence whatsoever that the State was a party to any connivance to circumvent the separation order. The fact is the motion to separate the witnesses was the State's motion. The trial judge also had the opportunity to take into consideration that Janek was a personal friend of appellant's. We see no abuse by the trial court in his denial of appellant's belated motion to correct error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.