**Allen LANE, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 49A02–8806–CR–217.

Court of Appeals of Indiana,
Second District.

June 12, 1989.

S. Sargent Visher, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Allen Lane appeals his convictions of two counts of child molesting, one as a class C felony[1] and the other as a class D felony.[2]

We affirm.

## FACTS[3]

The victim in this case, L.I., was born in September of 1971. In 1985 Lane began dating her mother; they subsequently lived together for a year and ultimately married in early 1987. In December of 1986, Lane told L.I. he had something to show her in the garage behind the house. He forced her to climb up a ladder to a loft in the garage, where he removed her clothes, rubbed her breasts, and engaged in sexual intercourse with her. He told her that if she told anyone, he would have her mother lock her up.[4]

## ISSUES

Lane presents four errors for our review. He argues the evidence is insufficient to sustain the convictions and contends the trial court erred in denying his request for a psychiatric examination of the victim, in delaying a hearing on L.I.'s competence until after she testified, and in denying his motion for a mistrial based upon an alleged violation of a separation of witnesses order.

---

1. IC 35–42–4–3(c) (1988).

2. IC 35–42–4–3(d) (1988).

3. The Statement of Facts contained in Lane's brief consists of a 26–page witness-by-witness account of testimony presented at trial. Under the Indiana Rules of Procedure, Appellate Rule 8.3(A)(5), appellate briefs should contain "[a] statement of the facts relevant to the issues presented for review." "[T]he Statement of Facts shall be a concise narrative of facts, stated in the light most favorable to the judgment, and shall not be argumentative or summarize the testimony of each witness." *FMC Corp. v. Brown* (1988), Ind.App., 526 N.E.2d 719, 724 n. 1. *Accord, Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 249.

4. Lane's two convictions resulted from the incident described above. L.I. also testified concerning an incident of fondling and intercourse which occurred in February of 1987. Lane was acquitted on two counts of child molesting arising from that incident.

## DECISION

### I.

■ Lane argues first the evidence is insufficient to sustain his convictions. He contends the record lacks substantial evidence of probative value to support his conviction. We disagree. The evidence is neither so incredibly dubious nor inherently improbable that no reasonable person could believe it. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 904. Thus, the weight and credit afforded the witnesses' testimony and the resolution of conflicting and internally inconsistent testimony is exclusively the function of the fact finder and one with which this court will not interfere. *Id.* L.I.'s testimony alone is sufficient to support Lane's conviction on both counts. *Lowe v. State* (1989), Ind., 534 N.E.2d 1099, 1100.

■ Nevertheless, we are compelled by our supreme court's holding in *Ellis v. State* (1988), Ind., 528 N.E.2d 60, to vacate Lane's conviction of the class D child molesting charge as violative of both federal and state double jeopardy prohibitions.[5] Here, as in *Ellis*, the information charged two acts of molestation, fondling and sexual intercourse, but at trial the State relied upon the identical incident to support both counts.

### II.

■ Lane next argues the court erred in denying his request for a psychiatric examination of the victim. He claims such an examination was necessary because of L.I.'s age, because she was the sole witness, and because she was shown to have fabricated sexual incidents in the past.

■ A defendant charged with a sex offense does not have the right to subject the victim to a psychiatric examination. *Lowe*, 534 N.E.2d at 1100. Instead, the necessity therefor is to be determined by the trial court, acting within its sound discretion. Consequently, Lane must show the trial court abused its discretion in denying his request. *Id.* at 1101.

Lane directs our attention to *Easterday v. State* (1970), 254 Ind. 13, 256 N.E.2d 901. In *Easterday*, our supreme court reversed a conviction where the trial judge had denied a motion for a psychiatric examination of a 10–year–old girl upon whose uncorroborated testimony the conviction rested. The girl had implicated other men in acts of sexual misconduct in the past and had admitted fabricating similar stories about other people. *Id.* at 17, 256 N.E.2d at 903.

In *Lowe* our supreme court upheld the denial of a psychiatric examination of a 13–year–old child molesting victim. 534 N.E.2d at 1000–01. Here, as in *Lowe*, the trial judge had the opportunity to observe the victim at length. Further, unlike *Easterday*, where the record revealed the victim admitted past fabrications, Lane's assertions L.J. "was shown to have fabricated sexual incidents," Appellant's Brief at 42, is unsupported by the record. True, her testimony was contradicted, but that is not the equivalent of the admitted fabrications that occurred in *Easterday*. The trial court soundly exercised its discretion in denying Lane's request.

### III.

■ There is no merit to Lane's argument the trial court erred in failing to hold a competency hearing prior to L.I.'s testimony. In fact, when the trial court asked Lane if he wanted to be heard on his motion, it was Lane who suggested the delayed hearing:

Uh, frankly, I'm not sure that you'll have enough of an idea, at least at this point, what that request is about without a hearing. But if you wanted to take it under advisement, during the course of the trial, I think you'll become aware, through that channel what, why—why it is that I'm requesting it. The motion,

---

5. It is interesting to note that while the identical incident cannot support convictions of child molestation for fondling and for sexual intercourse, child molesting for fondling is not an inherently included offense of child molesting for sexual intercourse. *Buck v. State* (1983), Ind., 453 N.E.2d 993; *Hawk v. State* (1987), Ind.App., 506 N.E.2d 71.

though, I think pretty much speaks for itself.

Record at 125.

Lane will not be heard now to complain of a delay he suggested and requested. There is no error in the delayed hearing.

## IV.

Finally, Lane argues the court erred in denying his motion for mistrial based upon an alleged violation of a separation of witnesses order. During the State's cross-examination of Lane, the prosecutor received a note from an individual sitting in the courtroom which apparently resulted in the State asking Lane an omitted question. That individual, subsequently identified as Linda Acton, the victim's sister, had not testified nor was she listed as a prospective witness for the State or Lane. Lane objected, claiming it was "improper to have that person giving notes for purposes of asking questions" when a separation of witnesses was in effect. Record at 300–01. The trial court overruled Lane's objection. Lane then moved for a mistrial:

> The cases that I've read seem to indicate that a violation of separation of witnesses is in fact grounds to make the motion for mistrial. As you recall there was a witness, or there wasn't a witness, there was a person in the back of the courtroom that handed the prosecutor a note from which a question came from that person that was not supposed to be a witness to this case and although I'm not sure what the Court's feeling in terms of the case is at this point I think in the event that Mr. Lane has another counsel on appeal though I need to make the motion for mistrial.

Record at 313.

The grant or denial of a motion for mistrial rests squarely within the discretion of the trial court, *Lowe*, 534 N.E.2d at 1101 (affirming child molesting convictions notwithstanding violation of separation of witnesses order), unless a party can show connivancy or procurement on the part of its opponent. *Gorman v. State* (1984), Ind., 463 N.E.2d 254.

■ The trial court did not err in denying Lane's motion. The motion for mistrial was at best premature. At the time the motion was made, Acton was not a listed witness nor had she been called as a witness. Therefore, a violation of the separation order had not occurred and there was no basis for the motion.

■ On appeal, Lane also argues the trial court erred in failing to exclude Acton's testimony as a rebuttal witness. After Lane's motion for mistrial was denied and two other rebuttal witnesses were called and examined, the State called Acton to testify. Lane's objection was overruled. Lane's contention is that the trial court abused its discretion in not excluding Acton's testimony because Acton's presence in the courtroom was the result of connivance and/or collusion by the State.

Here the record fails to show the misconduct by the State claimed by Lane. He asserts the State intentionally saved Acton as a rebuttal witness to avoid listing her as a potential witness when her testimony would have been appropriate during the State's case in chief. In fact, her testimony was proper rebuttal. The testimony challenged evidence offered during Lane's case in chief concerning the state of repair of a vehicle pertinent to the alleged offenses occurring in February of 1987 and the circumstances under which the victim moved from her mother and Lane's residence in February of 1987. In fact, at no time during Action's direct examination by the State as a rebuttal witness did Lane object to any questions propounded to her as inappropriate rebuttal evidence. Considering the nature of Acton's rebuttal testimony, and that this was a bench trial before a judge who was well aware of Acton's presence in the courtroom, we hold the trial court did not abuse its discretion in not excluding Acton's testimony.

Lane's conviction of child molesting as a class C felony affirmed; his conviction of child molesting as a class D felony ordered vacated.

RATLIFF, C.J., and SULLIVAN, J., concur.